# THE HALE LAW FIRM
ATTORNEYS AND COUNSELORS AT LAW

THE SHELL BUILDING  
1221 Locust Street, Suite 310  
St. Louis, MO 63103-2364

TEL (314)231-3168  
FAX (314)231-4072  
HALEFIRM@AOL.COM

December 9, 2016

James Dellworth  
Assistant U.S. Attorney  
111 South 10 Street, 20th Floor  
St. Louis, MO 63102

Re:  United States v. Michael Grady, et al  
     4:15 Cr 00404-HEA

Dear Mr. Dellworth:

The following is my official discovery request as counsel for the above-named Defendant.

1. <u>Statements</u>: All written, recorded or oral statements made by Defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts of other documents and audio and video tapes on which statements of Defendant are contained. The substance of oral statements, which the Government intends to introduce, are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland.

2. <u>Documents, statements, reports, tangible evidence</u>: Production of all documents, statements, agent's reports and tangible evidence favorable to Defendant on the issue of guilt or which affects the credibility of Government witnesses or the Government's case.

3. <u>Prior record other act evidence</u>: All evidence, documents, records of judgments and convictions, photographs and tangible evidence and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed.RCrimP. 16(a)(1)(B). Evidence of prior record is available under Fed.R.Crim.P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed.R.Crim.P 16(a)(1)© and Fed.R.Evid. 404(b) and 609. This request also includes Defendant's "rap" sheet and /or NCIC computer check.

4. <u>Seized evidence</u>: All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed.R.Crim.P.

16(a)(1)©.

5. <u>Agents reports, notes, memos</u>: All investigative and arrest reports, investigator's notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Defendant These reports are available under Fed.R.Crim.P. 16(a)(1)(B) and ©; and Fed.R.Crim.P. 26.2 and 12(I). In addition, it is requested that you provide any witness interview notes that you have taken which you consider to be statements attributable to the witness. See <u>Goldberg v. USA</u>, 425 U.S. 94 (1976).

6. <u>Other documents/tangible objects</u>: All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof, which are material to Defendant's defense or intended for use in the Government's case-in-chief or were obtained from or belong to Defendant. Specifically requested are all documents, items and other information seized pursuant to any search. Production is required under Brady.

7. <u>Bias of Government witness</u>: Any evidence that any prospective Government witness is biased or prejudiced against Defendant or has a motive to falsify or distort his/her testimony. See <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F. 2d 1197 (9th Cir. 1988).

8. <u>Prior record, other acts of Government witness</u>: Any evidence that any prospective witness has engaged in any criminal acts whether or not resulting in a conviction. See F.R.E., Rule 608(b) and Brady.

9. <u>Investigation of witnesses</u>: Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct. <u>United States v. Chitty</u>, 706 F. 2d 425 (2nd Cir.), cert. denied, 474 U.S. 945 (1985).

10. <u>Evidence regarding ability to testify</u>: Any evidence including any medical or psychiatric reports or evaluations tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substances, or has ever been a alcoholic. <u>United States v. Stifler</u>, 851 F. 2d. 1197 (9th Cir.).

11. <u>Personnel files</u>: It is requested that the Government review each agent's personnel file for information requested in paragraphs 7 through 10 above, and determine whether there is any impeaching information contained in the files. See <u>United States v. Hentron</u>, 931 F. 2d 29 (9th Cir. 1991).

2

12. <u>Government witnesses</u>: The name and last known address of each prospective Government witness. See <u>United States v. Neap</u>, 834 F. 2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F. 2d. 583 (9th Cir. 1983) (failure to interview Government witneses by counsel is ineffective); <u>United States v. Cook</u>, 608 F. 2d. 1175, 1181 (9th Cir. 1979) (defense has an equal right to talk to witnesses).

13. <u>Other witnesses</u>: The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called to testify as Government witnesses. <u>United States v. Cadet</u>, 727 F. 2d 1469 (9th Cir. 1984).

14. <u>Favorable testimony</u>: The name of any witness who made arguably favorable statements concerning Defendant or who could not identify him or who was unsure of his identify or participation in the crime(s) charged. <u>Jackson v. Wainwright</u>, 390 F. 2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.ed 213, 223 (4th Cir. 1980); <u>James v. Jag</u>, 575 F. 2d. 1164 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d. 785 (5th Cir. 1975).

15. <u>Specific inquiries of agents</u>: It is requested that the Government make specific inquiry of each Government agent connected with this case for the above documents and information. <u>United States v. Jackson</u>, 780 F. 2d. 1305 (6th Cir. 1986); <u>United States v. Butler</u>, 567 F. 2d. 885, 889 (9th Cir. 1978).

16. <u>Rule 26.2 Material/timing of production</u>: It is requested that the Government provide all material available pursuant to Fed.R.Crim.P 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross-examination.

17. <u>Expert/resumes</u>: The curriculum vitae of any and all experts the Government intends to call as witnesses at trial, including any and all books, treatises or other papers written by the expert which are relevant to the testimony.

18. <u>Experts' reports and summaries</u>: Production of any and all reports of any examinations or tests are requested pursuant to Rule 16(a)(1)(D). In addition, it is requested that the Government disclose a written summary of testimony that the Government intends to use under FRE 702, 703 or 705 and Fed R. Criminal Pro. 16(F) and (G). The summaries should describe the witnesses opinions, the basis and reasons therefore and the witnesses qualifications.

19. <u>Confidential informants and related information</u>: It is requested that the Government reveal the identity of any and all confidential informants who were witnesses to the charged offenses in this case and all persons who have information regarding any promises made to the confidential informant and the information provided by the informant.

20. <u>Promises made or "deals" with Government witnesses</u>: Under <u>Giglio v. United States</u>, the Government must provide all promises or consideration given to witnesses and the terms of any "deals" or agreements between it and witnesses. See also <u>United States v. Shaffer</u>, 789 F. 2d. 682 (9th Cir. 1986).

21. <u>Minutes of Grand Jury proceedings</u>: Production of the minutes of all grand jury proceeds related to the charges against Defendant are requested in order to determine whether there has been compliance with Rule 6 with regard to the attendance and number of grand jurors voting on the indictment. See Rule 6(b) to (d).

22. <u>Grand Jury transcripts</u>: All grand jury transcripts are requested to be produced within ten (10) days before trial.

23. <u>Jencks Act material</u>: Pre-trial production of all Jencks Act material within ten (10) days before trial, is requested.

24. <u>Statement by Government and refusal to provide</u>: If the Government has any of the above-requested items but refuses to provide them to the defense, please advise and state what item(s) are refused and the grounds for refusal.

Sincerely,

/S/ Larry D. Hale
Larry D. Hale, 26997MO
Attorney For Defendant

Cc:  Clerk of District Court