UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S4-4:15CR00404 HEA(NAB) |
| JOSE ALFREDO VELAZQUEZ, et. al., | ) ) ) |
| Defendants. | ) |

**GOVERNMENT'S SUPPLEMENTAL MOTION FOR COMPLEX CASE FINDING AND TO CONTINUE TRIAL DATE BEYOND LIMITS SET BY THE SPEEDY TRIAL ACT**

  Comes now the United States of America by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri and Thomas Rea and Michael A. Reilly, Assistant United States Attorneys for said District, and requests that the Court, in consideration of the fourth superseding indictment filed on December 1, 2016, pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(i) and (ii), make a renewed and or supplemental findings that: (1) the case is so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, and (2) that the failure to grant a continuance to determine whether and what pretrial motions should be filed in the proceeding would result in a miscarriage of justice.

  The government, in support of its motion, states as follows:

  1. On January 14, 2016, the Government filed its original Motion for a Complex Case Finding.  Doc. # 101.  On February 18, 2016, the Grand Jury returned the second superseding indictment that added three additional defendants and an additional count.  Doc. # 244.  Thereafter, the Government filed a Renewed Motion for Complex Case Finding, and the Magistrate Court issued its Order consistent with the Government's Motion.  Doc. #'s 355, 360.

On April 14, 2016, the Grand Jury returned a third superseding indictment that added six additional defendants and eleven new counts, for a total of twenty-seven defendants and thirty-two counts. Thereafter, the Government filed a Renewed Motion for Complex Case Finding, and the Magistrate Court issued its Order consistent with the Government's Motion. Doc. #'s 448, 476.

2. On December 1, 2016, the Grand Jury returned a fourth superseding indictment that added seven additional defendants, for a total of thirty-four defendants and fifty-six counts.

3. Seven of the defendants are charged with death eligible offenses.

4. The government estimates that the trial in this case would last multiple weeks depending upon the number of defendants electing to proceed to trial. A more accurate estimate can be made when the number of defendants electing to go to trial has been determined.

5. There are multiple factors contributing to the complexity of this case:

A. The discovery in this case is voluminous and includes numerous separate Title III applications, affidavits, and orders that resulted in thousands of contacts by either electronic or wire communications for several target telephones.

B. There were a large number of search warrants executed during this long term investigation which resulted in the seizure of physical evidence or data from phones seized during the investigation. Much of this evidence relates to a high volume of electronic data obtained from searches of cellular phones or electronic devices. Investigators have also executed a large number of search warrants for real property, in which additional evidence has been seized. Moreover, as this case was pending, aspects of the investigation remained ongoing through 2016, resulting in the search and seizure of additional items, including electronic evidence that will be disclosed to defense counsel.

C. There were multiple applications for Precision Location Warrants or other

process and orders related to the investigation.

        D.   There are multiple arguably suppressible events that occurred during the course of this extended investigation, which lasted approximately two years. Defense counsel will need time to consider the potential issues.

        E.   There is the potential of Rule 404(b) evidence pertaining to several defendants.

        F.   Approximately eight of the charged offenses are death eligible. The Government is currently processing materials related to a determination from the Attorney General for permission to seek or not seek the death penalty.

6.     On or about March 9, 2016, the Government began providing discovery to counsel. The discovery included a dual layer DVD, with more than 11,000 pages of documents. The Government also disclosed seventeen additional discs, which included nine compact discs containing Title III intercepts and related materials. This is a large portion of the discovery materials that will be provided in this case.

7.     The Government provided a second batch of disclosure on or about May 2016. Much of these materials will be related to seizures that occurred during the weeks of January 13 and 29, 2016, and April 15, 2016. There have been and will continue to be additional searches of a large number of items of digital media that were seized during ongoing investigations. The Government is preparing to make additional disclosures of voluminous quantities of evidence.

8.     Although the Government has engaged in meetings with groups of defense counsel relative to the initial disclosure in this matter, the Government also has and will continue to engage in individual meetings with defense counsel and defendants to assist the parties with a review of discovery materials and evidence in this case.

9. The government has been working on the investigation for some time and would be prepared to try this case within the time limits set forth under the Speedy Trial Act. However, the government recognizes that in light of the number of defendants, the nature of the conspiracy charges, and the sheer volume of discovery, it is unreasonable to expect the defense to have adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

10. Additional time would likely assist defendants and defense counsel in fully reviewing discovery, deciding whether to file pretrial motions, and preparing for trial and/or completing plea negotiations with the government.

11. Pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(i) and (ii) and for all the foregoing reasons, the United States requests this Court to make specific findings that the trial of this matter should be continued past the limits set by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, and the case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and the failure to exclude this period would likely result in a miscarriage of justice.

WHEREFORE, the Government requests that the Court make such supplemental findings, set a motion deadline and an evidentiary hearing consistent with the complexity of the case, and order the time elapsed between any motion waivers and trial setting excluded from Speedy Trial Act calculation.   18 U.S.C. §3161(h)(7)(A), (B)(i), and (B)(ii).

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*s/ Michael A. Reilly*
THOMAS REA, #53245mo
MICHAEL A. REILLY, #43908MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/Michael A. Reilly*
Michael A. Reilly, 43908MO
Assistant United States Attorney