In The United States District Court
Eastern District of Missouri
Eastern Division

United States of America, )
   Plaintiff, )
        ) NO. 15CR00404-HEA(NAB)
Vs       )
Michael Grady, )
   Defendant. )

Defendant's motion requesting the government to release discovery pursuant to Rule 16(a)(1)(B), of the rules of criminal procedure.

Comes now, the defendant, Michael Grady, pro se, and respectfully moves this court for leave to file his motions requesting discovery materials under Rule 16, and state the following:

1. Recorded Grand Jury Testimony
2. A transcript of all witnesses who will testify against him at trial.
3. Disclosure and permission to inspect material known to the government which may be favorable or will exonerate defendant on the issues of guilt within the scope of Brady vs. Maryland, 373 U.S. 83 (1963) and United States vs. Aguts, 427 U.S. 97 (1976).
4. Disclosure as to any and all material evidence, if any, affecting the credibility of any witness where reliability may be determinative of defendant's guilt or innocence within the scope of United States vs. Giglio, 405 U.S. 150 (1972), and Napue vs. Illinois, 360 U.S. 264 (1959).
5. The Government has filed a motion under

Rule 16(d)(1) requesting a protective order, however, the materials requested by the defendant simply serves to support his assertion that the Government has in its possession materials and statements that will exonerate him, but they choose to put a blindfold on it at this time.

6. The Government has repeatedly designated this case to be complex to purposely deny defendants of their rights to a speedy trial. Moreover, this case was filed in August 2015, and since that time it appears that the Government is attempting to put together a conglomerate of theories unsupported by evidence, to serve their purpose whether it is just or unjust. Investigation should be adequately perfected before the convening of a Grand Jury on mere speculation or hunch.

Where is the Justice here? Defendants are forced to languish in detention facilities with inadequate legal representation because the Government deems the charges severe or the defendant a flight risk or a danger to society without proof. Whatever happened to the presumption of innocence?

Wherefore, the defendant, Michael Grady, pro se, pray that this court in an abundance of caution, issue order directing immediate disclosure of any and all materials favorable or will cause serious doubt as to defendant's guilt in the charged indictment, so prayed.

Please view in light of Haines vs. Kerner (1972), 404 U.S. 519, 520-521.

-2-

Respectfully Submitted,

*[signature]*

Michael Grady
Ste. Genevieve Detention Center
5 Basler Drive
Ste. Genevieve, MO 63670

## Certificate of Service

A true copy of the foregoing was mailed on this 25th day of December, 2016 to the following:

United States Attorneys Office
Paul Hale, Attorney for Defendant

*[signature]*

M. Grady
Ste. Genevieve Detention Center
5 Basler Drive
Ste. Genevieve, MO 63670
"Legal Mail"

Mailed from Ste. Genevieve County Detention Center

SAINT LOUIS MO 630
RECEIVED
DEC 28 2016
BY MAIL

Honorable N. A. Baker
Chief United States Magistrate Judge
Eastern District of Missouri
111 South 10th Street
St. Louis, MO 63102