UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | No.-4:15-CR-404 HEA |
| MICHAEL GRADY, et al., ) | |
| Defendants. ) | |

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REVOCATION OR AMENDMENT OF ORDER OF PRE-TRIAL DETENTION**

COMES NOW, Defendant, Michael Grady, through his attorneys, The Hale Law Firm by Larry D. Hale, and submits the following memorandum of law in support of his motion, pursuant to 18 U.S. C. Section 3145(b), for an order of this Court revoking or amending the order of pre-trial detention entered by U.S. Magistrate Patricia Cohen on December 23, 2016.

**PROCEDURAL BACKGROUND AND RELEVANT FACTS**

The original indictment in this case was returned on August 26, 2015. This Defendant was not charged in this case until the fourth superseding indictment was returned on December 1, 2016. Thus, evidence arguably sufficient to support the indictment of this Defendant did not surface until 16 months after the original indictment was returned. In this fourth superseding indictment, Defendant was charged with, inter alia, one count of violating the Controlled Substance Act for which a minimum term of imprisonment of 10 years or more is prescribed (Count 3). Additional charges against this Defendant include conspiracy to possess with intent to distribute heroin (Court 4 which does not give rise to a rebuttable presumption); corruptly obstructing, influencing

or impeding an official proceeding by aiding Co-Defendant Derrick Terry in fleeing from arrest and causing the Co-Defendant to travel in interstate commerce to avoid prosecution (Count 28 and 29) and conspiracy to launder drug proceeds (Count 51).

Since 2011, Defendant has operated a Paralegal business from a St. Louis office. From this business, Defendant has earned an annual salary of about $30,000.00. Defendant was arrested at his business office in St. Louis without resistance or incident on December 2, 2016.  No firearms were found on or around Defendant's person at the time of his arrest or in his business office during a post-arrest search.
.

Immediately following the arrest of Defendant, the Government moved for his pre-trial detention.   A Pre-trial Services Bail Report was prepared and reviewed by Defense counsel and Defendant.   Hearings on the Government's detention motion were conducted on December 6, and December 8, 2016.

During the December 8, 2016 hearing, the Government supported its request for pre-trial detention with the rebuttable presumption arising under 18 U.S.C. Section 3142(e)(3), the Defendant's alleged participation in a Co-Defendant's flight to avoid prosecution and Defendant's prior criminal history.   Defendant rebutted the aforementioned presumption with facts set forth in the Pre-trial Services Bail Report which demonstrated that he is not a flight risk and does not pose a risk to the safety of the community and other persons.

Defendant was born and raised in St Louis, Missouri and has seven siblings and numerous other family members in this area.   While Defendant maintains a Florida residence with his wife, he operates his paralegal business from St. Louis and is in this area approximately 2-3 weeks per month.  Defendant has criminal convictions between

1973 through 1999, but has had no convictions since 1999.  The only violent conduct in Defendant's background is a 1974 robbery conviction when Defendant was 18 years old.  Defendant has multiple failures to appear in municipal courts to answer minor municipal charges, but these were all over 30 years ago.  While incarcerated in connection with his 1999 Federal conviction, Defendant was a model prisoner and was so compliant during his period of supervised release after incarceration, that he was granted an early release from supervision.

Contrary to the facts argued by Defense counsel during the detention hearing and applicable law, U.S. Magistrate, Patricia Cohen, erroneously entered a detention order on December 23, 2016, upon a finding that (1) Defendant had not rebutted the rebuttable presumption under Section 3142(e)(3) and concluding that no condition or combination of conditions would reasonably assure the safety of any other person and the community and the Defendant's appearance as required.  Magistrate Cohen erroneously based the foregoing conclusions upon the facts that Defendant was subject to a lengthy period of incarceration if convicted,  had a lengthy prior criminal history, had a history of violence and a history of failures to appear in Court as ordered.

## **LEGAL ANSLYSIS**

Defendant brings this Motion under Title 18 U.S. C. Section 3145(b), which states in pertinent part:

> "If a person is ordered detained by a magistrate judge ….. the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly."

The District Court reviews a Magistrate Judge's detention order de novo.  United States v. Maull, 773 F. 2d 1479, 1484 (8th Cir. 1985)(en banc).  The motion shall be

determined promptly.  The District Court may either hold an evidentiary hearing or review the pleadings and evidence developed before the Magistrate Judge.  <u>United States v. Gaviria</u>, 828 F.2d 667 (11th Cir. 1987).

The Bail Reform Act of 1984 revised the Bail Reform Act of 1966.  It is important to note that in passing the 1984 Act, Congress believed that detention for dangerousness would apply to a limited group.  "There is a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons.  It is with respect to this limited group of offenders that the court's must be given the power to deny release pending trial."  1984 U.S.C.C.A.N. 3183, 3189.

Pre-trial detention is authorized when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community …."  18 U.S.C. Section l342 (3)(1).  Generally, the Government has the burden of showing "by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions …… will reasonably assure the Defendant's appearance ….."  <u>United States v Kisling</u>, 334 F.3d 734m 735 (8th Cir. 2003) (quoting <u>United States v. Orta</u>, 760 F. 2d 887, 891 (8th Cir. 1985).  The Bail Reform Act favors release over pre-trial detention.  <u>United States v Orta</u>, supra at 891.

As noted above, Count 3 of the indictment charges Defendant with an offense which carries a minimum mandatory sentence of 10 years or more.  This is the only

charge against Defendant which gives rise to a rebuttable presumption that there exist no combination of conditions which will reasonable assure the safety of any other person or the community.  See 18 U.S. C. 3142(e).  A Grand Jury Indictment triggers this rebuttable presumption, because it demonstrates probable cause to believe that Defendant committed the charged offense.  United States v. Quartermaine, 913 F. 2d 9910, 916 (11 Cir. 1990); United States v. Vargas, 804 F 2d 157, 163 ((1st. Cir. 1986).

However, by itself, a finding of probable cause based upon an indictment will not necessarily be sufficient to require a Defendant's detention.  The rebuttable presumption established in Section 3142(e) shifts only the burden of production to the Defendant; the burden of persuasion remains with the Government.  United States v. Adipietro, 773 F. Supp. 1270 (W.D.MO 1991).  In meeting this burden of production, a Defendant must produce "some evidence" contrary to the presumption.  Id at 1272-73.  In producing evidence to rebut the presumption , a Defendant looks to the four factors set forth in Section 3142(g), which the Court must consider in determining whether pre-trial detention is warranted.  United States v. Mercedes, 254 F. 3d 433, 436 (2nd  Cir. 2001).

In this case, the rebuttable presumption arising under Section 3142(e)(3) is rebutted by the following facts:

    a. The Section 3142(e)(3) rebuttable presumption only arises from one Count of the indictment (Court 3).
    b. As of the filing of this memorandum, Defendant has not received any discovery material relating to this case.  He therefore unable to address specific deficiencies in the Government's evidence against him.  However, the weight of the evidence against Defendant on any of the charges (including Court 3) could not be very much because this Defendant was not added to the indictment until 16 months after the original indictment was returned.
    c. In connection with this indictment, no drugs of any kind have been seized from Defendant or from premises under his control.  Defendant has not sold any drugs in connection with this indictment.  Thus, the drug amount

      attributed to this Defendant in Court 3 from which the 10 year minimum mandatory sentence (and resultant rebuttable presumption) arises is without factual foundation.
  d. Defendant understands that Title 3 wiretaps may have been used by the Government during this investigation.  Defendant further understands that the Government has not intercepted any incriminating communications by him.
  e. Defendant had no criminal convictions since 1999.
  f. Defendant was a  model prisoner during his Federal incarceration after the 1999 conviction.
  g. Defendant was released from supervised release early due to his good conduct during supervision.
  h. Defendant's failures to appear occurred more than 30 years ago.
  i. Other than a 1974 robbery conviction (when Defendant was 18 years old), Defendant does not have a history of violent behavior.
  j.  Defendant did not resist arrest or attempt to evade arrest on December 2, 2016.
  k. No weapons were found on Defendant person or at his office on December 2, 2016.
  l. Defendant has operated a paralegal business in St. Louis since 2011.
  m. Defendant has substantial family ties to the St. Louis area, with seven siblings living here in addition to children and grandchildren.
  n. Defendant aids in the care of a disabled child in St. Louis.
  o. Defendant could not have aided a Co-Defendant in avoiding arrest, because there is no evidence that Defendant knew or could have known that this person had been indicted.   The indictment of this Co-Defendant was sealed and his alleged flight occurred before this Defendant could have known of the indictment.  See Superseding indictment returned on January 7, 2016 and sealing order with same date.
  p. Defendant does not have any ties or resources outside of the United States.
  q. Defendant was not on parole, probation or other release pending further proceedings, at the time of the charged offenses.
  r. This case has been designated a "complex" matter.  It will therefore be, at least, 12 to 18 months before this case proceeds to trial.  This extraordinary length of pre-trial incarceration of Defendant without trial or conviction ought to be a major consideration in this Court's assessment of whether pre-trial detention is appropriate.
  s. Defendant requests that he be released on a $10,000.00  cash or surety bond with reasonable conditions, such as home confinement with electronic monitoring.

When the foregoing facts are considered in light of the factors to be considered under 18 U.S.C. Section 3142(g), it is clear that this Defendant has rebutted the rebuttable

presumption and should be granted a bond because there are conditions of release that will reasonably insure his appearance as required and the safety of other people and the community.

## **CONCLUSION**

For all of the foregoing reasons, the detention order of Magistrate Patricia Cohen, dated December 23, 2016, should be revoked and Defendant should be released on a $10,000.00 cash or surety bond with reasonable conditions of release.

> Respectfully submitted,
> THE HALE LAW FIRM
>
> _____/S/ Larry D. Hale_____
> Larry D. Hale, #26997MO
> Attorney for Defendant
> 1221 Locust, Suite 310
> St. Louis, MO 63103
> (314)231-3168
> (314)231-4072 Fax
> Halefirm@AOL.Com

## **CERTIFICATE OF SERVICE**

This is to certify that on January18, 2017, the foregoing was filed electronically, with the office of the Clerk of this Court to be served upon all counsel of record.

> _____/S/ Larry D. Hale_____
> Larry D. Hale