UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:15-CR-404 HEA |
| | ) |
| MICHAEL GRADY, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S OBJECTIONS TO  MAGISTRATE'S DENIAL OF MOTION FOR ORDER DIRECTING U.S. MARSHALS TO MOVE DEFENDANT TO ANOTHER JAIL**

COMES NOW, Defendant, Michael Grady, through his attorneys, The Hale Law Firm by Larry D. Hale, and objects pursuant to Rule 59, Federal Rules of Criminal Procedure, to the March 13, 2017 order of U.S. Magistrate, Nanette Baker, denying Defendant's Motion for Order Directing the U.S. Marshals to Move Defendant to another Jail.  See Exhibit 1, attached hereto.  In support of said objections Defendant states as follows:

1.   Defendant has  been ordered detained pending trial.

2.   Prior to approximately December 22, 2016, Defendant was held at the Lincoln Country Jail.  While at that facility, Defendant specifically asked to be removed from a housing unit where a potential cooperating Government witness was located.  Defendant did this to avoid any possible assertion that he had acted improperly in connection with said potential cooperating Government witness.  At some point this potential cooperating Government witness, voluntarily authored an affidavit in which he stated that this Defendant had no role in certain charged criminal offenses.  Defendant did not

improperly cause this affidavit to be prepared.  However, after Defendant presented the affidavit to Magistrate, Patricia Cohen, during a December 8, 2016 detention hearing, his jail cell at Lincoln County Jail was searched and Defendant was transferred to St. Genevieve County Jail.  Nothing improper was discovered through the search of Defendant's jail cell.  Upon information and belief, Defendant states that the search of his jail cell and transfer from Lincoln County Jail was performed at the request of the United States Attorney's office with no evidence of misconduct by Defendant.
.

3. Defendant was housed at the St. Genevieve County Jail from approximately December 22, 2016 to March 1, 2017, when  the United States Marshals Service transferred Defendant to the Cape Girardeau County Jail in Cape Girardeau, Missouri. The United States Marshals office has advised CJA defense counsel that this transfer was performed at the request of the United States Attorney's office.  Defendant did not engage in any form of misconduct while housed at the St. Genevieve County Jail, and there is no legitimate basis for the transfer complained of.

4. Defendant is a paralegal, who has been very active in helping to prepare his defense.  Indeed, Defendant has prepared and filed Pro Se Motions for relief.  Defendant requires access to a law library in order to assist in his defense, and requires frequent and regular access to a computer with which to review discovery material produced by the Government.  It should be noted, that the Government has only produced critical discovery material for review by this Defendant on multiple compact discs (CDs) and refuses to permit Defendant to receive printed copies of said discovery.

5. Defendant is not permitted to possess the discovery cds in his cell and the cds are kept in the custody of jail personnel and St. Genevieve and Cape Girardeau County

Jails . While at St. Genevieve Defendant was permitted to attempt to view two discovery discs received from the Government.  However, he was unable to open either of the discovery discs and has not been able to view any of the discovery material related to his case since being charged in December, 2016.  See Exhibits 2 and 3, attached hereto.  For approximately 4 months after his December 2, 1016  arrest, Defendant has been unable to view any discovery material and has therefore been unable to assist his attorney in the preparation of this case for trial.

      6.    Since being transferred to Cape Girardeau County Jail, Defendant's discovery discs have been in the custody of staff at that facility.  Upon information and belief, Defendant states that there  may be no more than one computer at the jail upon which all of the jail inmates can view discovery material produced on cds.  If there is such a single computer at the Cape Girardeau County Jail, it is likely grossly outdated and incapable of handling some of the advanced programs included on discovery discs produced by the Government.

      7.    Defendant has made multiple requests to be permitted to view the discovery two discs at the Cape Girardeau County Jail and has submitted written requests to do so. See Exhibits 4 through 9, attached hereto.  Thus far, his written requests have gone unanswered and he has not been permitted to attempt to view the discovery material on the above-mentioned two discs. Defense counsel has recently mailed eight additional discovery discs to the Cape Girardeau County jail for review by Defendant.  It is anticipated that the jail staff will continued to refuse to permit Defendant to review the discovery material contained on the multiple discovery discs.

8. Please note that Defendant has signed a confidentiality Agreement and assurance of compliance relative to the Government's discovery material. There is therefore no justification for the Government's refusal to permit Defendant to have printed copies of the discovery. Certainly, the protective order entered by this Court contemplates the full disclosure of discovery material to Defendant. See Protective Order entered by this Court on November 8, 2016; Doc. #665.

9. While law library and computer resources were available to Defendant at the Lincoln County Jail and the St. Genevieve County Jail, no law library is available to Defendant at the Cape Girardeau County Jail. As noted above, the one computer that may be available for inmate use at Cape Girardeau County jail has not been made available to Defendant and is likely inadequate to view discovery cds containing advanced programs.

10. The transfer of Defendant to Cape Girardeau County Jail operates to create an undue hardship on CJA defense counsel, who now has to travel almost 4 hours (roundtrip) and 216 miles (roundtrip) to consult with Defendant.

11. Defendant has ongoing health issues that require that he received medical attention. Defendant has a history of high blood pressure, stomach problems and has developed a serious right ankle problem. Within the past 30 days Defendant has required an MRI of the right ankle and it is reasonably anticipated that he will require ongoing medical treatment for this and other medical issues. Additionally, housing conditions at the Cape Girardeau County Jail, including contaminated food, may be sufficiently deficient to constitute unconstitutional punishment. <u>Ferguson v. Cape Girardeau County</u>, 86 F.3d 647 (8th Cir. 1996); <u>Campbell v. Cauthron</u>, 823 F.2d 503 (8th Cir. 1980); <u>Bell v.</u>

Wolfish, 441 U.S 520 (1979).

12.  Defendant's review of discovery material will uncover legal defenses or mitigation information that may never come to light without the Defendant's active review of said material.  Defendant's discovery review assists defense counsel in (1) locating pertinent evidence and witnesses; (2) identifying points and issues for pre-trial motions and (3) developing defense strategy for trial.   The Government's failure to provide Defendant with unlimited access to relevant discovery material in this case, through its refusal to permit Defendant to receive hard copies of discovery documents, and the failure of staff at the Cape Girardeau County Jail to permit Defendant to review discovery material on operating cds serves to deprive Defendant of his constitutional right to due process.

13.  In light of the foregoing, it is clear that the U.S. Magistrate erroneously denied Defendant's Motion for Order Directing the U.S. Marshals to move Defendant to Another Jail, and Defendants' Objections to said denial should be sustained with an order of this Court directing that the U. S. Marshals transfer Defendant back to St. Genevieve County Jail or to the St. Louis County Jail or the St. Charles County Jail and further directing that Defense Counsel be permitted to provide Defendant with hard copies of all discovery material produced by the Government.

WHEREFORE, Defendant respectfully requests that this Court enter its order, overruling the Magistrate's order denying Defendant's  Motion for Transfer to another jail and  directing that the U.S. Marshals transfer Defendant from the Cape Girardeau County Jail to the St. Genevieve County Jail, the St. Louis County Jail or the St. Charles County Jail (which all have law library and computer resources) and further directing that

Defense Counsel may provide Defendant with hard copies of all discovery material produced by the Government.

Respectfully submitted,<br>
THE HALE LAW FIRM<br>
<br>
_/S/ Larry D. Hale_<br>
Larry D. Hale, #26997MO<br>
Attorney for Defendant<br>
1221 Locust, Suite 310<br>
St. Louis, MO 63103<br>
(314)231-3168<br>
(314)231-4072 Fax<br>
Halefirm@AOL.Com

**CERTIFICATE OF SERVICE**

This is to certify that on March 27, 2017, the foregoing was filed electronically, with the office of the Clerk of this Court to be delivered to all counsel of record.

_/S/ Larry D. Hale_<br>
Larry D. Hale