UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | S4-4:15CR 404 HEA/NAB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL GRADY, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT GRADY'S MOTION TO COMPEL PRODUCTION OF CELLULAR TELEPHONE DATA**

COMES NOW the United States of America by and through its attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Tom Rea and Michael A. Reilly, Assistant United States Attorneys for said District, and for its Response to Defendant's Motions to Compel Production of Cellular Telephone Data ("Motion to Compel," Doc. # 1169, 1201), states as follows:

1.  On August 21, 2017, Defendant filed his Motion to Compel (Doc. # 1169). On August 28, 2017, Defendant filed his Second Motion to Compel Production of Cellular Telephone Data Instanter and to Hold in Abeyance the Deadline for Filing Pretrial Motions Until Such Discovery is Produced ("Defendant's Second Motion," Doc. # 1201).

2.  The Government is fully aware of its obligations under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and intends to fully comply with said authority.

3.  The United States Attorney's Office (USAO) has collected the materials requested by Defendant to the extent the materials the investigative agencies actually obtained

1

the requested information during the course of implementing the court orders. The USAO is processing the recently received data, and placing it in a usable format suitable for production to Defense Counsel. It is anticipated that the results of the data collections emanating from these various court orders may be placed on a single disc to be produced on or before Friday, September 8, 2017.

4. Defendant's Motion to Compel is much broader than his initial request for information, set forth in Doc. # 1067 p. 6, in which Defendant requested a certain category of phone location information for the period of thirty days prior to February 5, 2016, and cell phone search information. The request is also substantially broader than that alluded to in his e-mail on August 16, 2017.

Because Defendant's request in his Motion to Compel is broad, it takes a significant amount of time to gather the information and present it in a usable format for Defendant. Some of the materials were stored in a "raw" format and were converted into a usable format for Counsel.

5. The materials are voluminous, and are the product of approximately eight court orders, enumerated in the Motion(s) To Compel. Defendant's initial requests did not pertain to the results of all eight orders, which are now the subject of his Motions to Compel. The DEA and FBI separately maintained different portions of the materials requested in Defendant's points (a) – (g) because each agency separately administered the specific orders.

The FBI implemented the orders associated with Defendant's request in (a) (4:16 MJ 7058 SPM, cell site simulator), (d) (4:16 MJ 149 NAB, pen register trap and trace), and g (4:16 MJ 7061, precision location warrant).

The DEA administered the orders associated with Defendant's request in (b) (4:16 MJ 7143, cell site simulator), (c) (4:16 MJ 307 DDN, pen register trap and trace), (e) (4:16 MJ 306 DDN, pen register trap and trace), (f) (4:16 MJ 305, pen register trap and trace), and (h) (4:16 MJ 7140, precision location warrant).

6. Defendant Grady requests "Information regarding the cell site simulator … for 45 days before … February 5, 2016 and May 5, 2016," as set forth in request points (a) and (b). The Orders authorize the prospective use of the cell site simulator, the results of which will be produced to counsel in the upcoming production.

7. The USAO will also produce the results of the pen register trap and trace orders and precision location warrants referred to herein, which were administered in a prospective format, consistent with the orders. However, during the course of the investigation agents did not request historical cell site information, or historical location information as to the location of Defendant Grady's phone for the period of thirty days before February 5, 2016 (See discovery log MG 01-60; 4:16 MJ 7061 SPM), as requested by Defendant. Agency personnel have advised the USAO that investigative practice related to implementing such court orders requires a specific request to the provider for historical cell site information, which was not made in this case because of the proactive, prospective nature of the investigation of Defendant Grady and his associates. In February 2016, the investigation focused in large part upon determining the location and whereabouts of then fugitive Derrick Terry, who absconded and avoided apprehension in January 2016. In other words, investigators were focusing on Grady's prospective locations and conduct, not his historical locations, in an effort to locate Terry. Therefore, investigators did not request Grady's historical cell site date. The data obtained as a result of the orders will be disclosed in the upcoming production.

8. The USAO also anticipates producing the information obtained from Defendant Grady's cellular telephones seized in December 2, 2016 (4:16 MJ 6256), and additional phone toll information for the period between approximately November 1, 2015 to February 3, 2016.

WHEREFORE, in view of the relatively recent, voluminous and complex nature of Defendant's request, the Government seeks leave to produce the materials alluded to herein on or before September 8, 2017.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

*s/Michael A. Reilly*
MICHAEL A. REILLY, #43908MO
THOMAS REA, #53245MO
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, Missouri 63102

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2017, a copy of the foregoing was filed with the ECF system for service upon counsel of record for Michael Grady.

*s/Michael A. Reilly*
MICHAEL A. REILLY, #43908MO