**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,   )<br>   )<br>v.    )<br>   )<br>MICHAEL GRADY, et. al.,   )<br>    Defendant.   ) | No. 4:17 CR 00404 HEA |

### DEFENDANT MICHAEL GRADY'S REPLY TO THE GOVERNMENT'S RESPONSE TO THE MOTIONS TO COMPEL PRODUCTION OF CELLULAR TELEPHONE DATA

NOW COMES, Defendant, MICHAEL GRADY, by and through his attorney, QUINN A. MICHAELIS, for its Reply to the Government's Response to Defendant's Motions to Compel Production of Cellular Telephone Data ("Response," Doc 1223), and states as follows:

1. The Government filed a response to Defendant's Motions to Compel Production of Cellular Telephone Data on September 1, 2017.

2. In their response, the Government indicated that they will produce the requested pen register trap and trace and precision information, "however, during the course of the investigation agents did not request historical cell site information, or historical location information as to the location of Defendant Grady's phone for the period of thirty days before February 5, 2016 (See discovery log MG 01-60; 4:16 MJ 7061 SPM), as requested by the defendant. Agency personnel have advised the USAO that investigative practice relating to implementing such court orders requires a specific request to the provider for historical cell cite information, which was not made in this case because of the proactive, prospective nature of the investigation of Defendant

1

Grady and his associates…Therefore, investigators did not request Grady's historical cell site data." (Response, ¶ 7 Doc. 1223).

3. In the Application for Search Warrant filed under seal, No. 4:16 MJ 07061 SPM, ("Search Warrant") the Government specifically requested the following:

> 1. The Government requests a warrant directing SPRINT, any telecommunications service providers reflected in Attachment 1, and any other applicable service provides, to provide certain telecommunication records and information, including cell site location information, but not contents of any communication for **the period of thirty (30) days prior to the warrant and for forty five (45) days from the date of the requested warrant** –*i.e.* from February 5, 2016, to March 20, 2106 11:59 p.m. (CT). In particular, the Government requests the following telecommunication records and information:…
>
>> (4) cellular telephone records and information pertaining to the following, **for the above specified time period**:
>>
>>> (a) call detail information (provided in an electronic format specified by the agents/officers of the investigative agency)ies), and other authorized federal/state/local law enforcement agencies);
>>>
>>> (b) cell site activation information, including information identifying the antenna tower receiving transmissions from the subject cellular telephone number, and any information on what portion of that tower is receiving a transmission from the subject telephone number, at the beginning and end of a particular telephone call made to or received by the subject cellular telephone number;
>>> (c) numbers dialed;
>>>
>>> (d) call duration;
>>>
>>> (e) incoming numbers dialed;
>>>
>>> (f) signaling information pertaining to that number;
>>>
>>> (g) a listing of all controlled channels and their corresponding cell sites;

(h) an engineering map showing all cell site tower locations, sectors and orientations;

(Search Warrant, Application, Pg 5, ¶1.)

4. The Application for the Search Warrant goes on to explain that investigative agencies will take precautions before using a cell-site simulator to determine whether the subject cellular telephone is in the Eastern District of Missouri. Such precautions include "reviewing cell site location records associated with the subject cellular telephone." (Search Warrant, application, Pg 10 ¶ 6.)

5. The Warrant and Order issued under 4:16 MJ 07061 SPM specifically ordered:

> SPRINT, any telecommunications service providers reflected in Attachment 1, and any other applicable service providers, will, forthwith, furnish the agents/officers of the investigating agency(ies), and other authorized federal/state/local law enforcement agencies, the following telecommunication records and information, including cell site location information, but not contents of any communication for **the time period for the past thirty (30) days and from the date of this Warrant and Order, and for forty five (45) days from the date of this Warrant and Order** –*i.e.* from February 5, 2016, to March 20, 2106 11:59 p.m. (CT) –pertaining to the subject cellular telephone identified herein:
>
>> (4) cellular telephone records and information pertaining to the following, **for the above specified time period**:
>>
>>> (a) call detail information (provided in an electronic format specified by the agents/officers of the investigative agency)ies), and other authorized federal/state/local law enforcement agencies);
>>>
>>> (b) cell site activation information, including information identifying the antenna tower receiving transmissions from the subject cellular telephone number, and any information on what portion of that tower is receiving a transmission from the subject telephone number, at the beginning and end of a particular telephone call made to or received by the subject cellular telephone number;
>>>
>>> (c) numbers dialed;
>>>
>>> (d) call duration;
>>>
>>> (e) incoming numbers dialed;

> (f) signaling information pertaining to that number;
>
> (g) a listing of all controlled channels and their corresponding cell sites;
>
> (h) an engineering map showing all cell site tower locations, sectors and orientations;

(Search Warrant, Warrant and Order, Pg. 3)

6. Contrary to the Government's assertion that there was no specific request made for the historical location cellular data, the application for search warrant filed under 4:16 MJ 7140 SPM clearly requests specific cell phone location data for 30 days prior to application for the warrant (February 5, 2016). Furthermore, the Warrant and Order issued under 4:16 MJ 7140 SPM specifically directs SPRINT to disclose that historical location data the government and its investigative agencies. Because such data is in the care and control of the government, we request that this Court compel the government to disclose said data to the defense.

WHEREFORE, the defendant, MICHAEL GRADY, respectfully requests this Honorable court grant his motion to compel pursuant to Rule 16(a) and *Brady v. Maryland,* 373 U.S. 83 (1963), because such information is material to the preparation of the defense.

Respectfully submitted,

/s/Quinn A. Michaelis

Quinn A. Michaelis
Attorney For MICHAEL GRADY
150 North Michigan Avenue
Suite 800
Chicago, Illinois 60601
312-714-6920

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2017, I electronically filed the above

**DEFENDANT MICHAEL GRADY'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO COMPELL PRODUCTION <u>OF CELLULAR TELEPHONE DATA.</u>**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on September 5, 2017.

By His Attorney,

s/ Quinn A. Michaelis

Quinn A. Michaelis
Attorney For MICHAEL GRADY
150 North Michigan Avenue
Suite 800
Chicago, Illinois 60601
312-714-6920