IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17 CR 00404 HEA |
| ) | |
| MICHAEL GRADY, et. al., ) | |
|     Defendant. ) | |

**DEFENDANT MICHAEL GRADY'S MOTION TO DISMISS THE INDICTMENT**

NOW COMES, Defendant, MICHAEL GRADY, ("Mr. Grady") by and through his attorney, QUINN A. MICHAELIS, and moves this Honorable Court, pursuant to Federal Rule Of Criminal Procedure 12(b)(3)(A) the Due Process Clause of the Fifth Amendment, and the Court's supervisory powers, for an order dismissing the indictment filed against him based on the due process violations by the government in investigating this case and securing the Indictment against Mr. Grady.

**INTRODUCTION**

The fourth superseding indictment was returned against Mr. Grady on December 1, 2016 in the above captioned case. (See Doc. at 680). The allegations against Mr. Grady and the other named defendants state that they conspired to distribute and possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. § 841(b)(1)(A)(ii)(II) (Count 3- all defendants); conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of Title 21 U.S.C. § 841(a)(1) (Count 4- Laron Coleman, Louis Felton, Samir Simpson-Bey, Gregory Knox, Larry Boyd, Derrick Terry, Stanford Williams, Richard Earl Scott, Jr, Michael Grady, and Oscar Dillon, III); knowingly corruptly obstructing,

1

influencing, and impeding an official proceeding, in violation of Title 18 U.S.C. § 2 and 1512(c)(2) (Count 28- Derrick Terry, Michael Grady, Oscar Dillon, III, and Charda Davis); knowingly traveling, or causing, counseling, and commanding another to travel in interstate commerce with the intent to avoid prosecution, in violation of 18 U.S.C. § 2, and 1073 (Count 29- Derrick Terry, Michael Grady, Oscar Dillon, III, and Charda Davis); and conspiracy to conduct and attempt to conduct financial transactions affecting interstate commerce , which transactions involved proceeds of specified unlawful activity, in violation of Title 18 U.S.C. 1956(h) (Count 51- Derrick Terry, Michael Grady, Oscar Dillon, III, Stanford Williams).

Mr. Grady has been held without bond since his arrest in this case on December 2, 2016. Mr. Grady's continued detention is based on a finding that Mr. Grady had not rebutted the presumption for detention arising under Count 1, the specific allegations of Counts 28 and 29, and a finding that no combination of conditions could reasonably assure Mr. Grady's appearance in court.  Mr. Grady is currently being held at Alton County Jail where he does not have access to any legal research facilities.

Mr. Grady filed a letter regarding Discovery on December 9, 2016 in which he requested, broadly, documents, statements, reports and tangible evidence favorable to defendant on the issue of guilt or which affects the credibility of Government witnesses or the Government's case. (Doc. at 718, ¶ 2).  The letter further specifically requests all documents, items or other information seized pursuant to any search (Doc. at 718, ¶ 6).  On August 16, 2017 and August 21, 2017 Mr. Grady again requested *Brady* material in the form of cell phone data seized pursuant to eight warrants, as well as all the materials seized during the search of Mr. Grady's home office.

Mr. Grady subsequently filed a motion to compel the government to disclose cell phone data that was the subject of eight search warrants, including historical location data as requested and ordered under search warrant 4:16 MJ 07061 SPM.  In response to Mr. Grady's motion to compel, the government represented to the court that,

> during the course of the investigation agents did not request historical cell site information, or historical location information as to the location of Defendant Grady's phone for the period of thirty days before February 5, 2016 (See discovery log MG 01-60; 4:16 MJ 7061 SPM), as requested by Defendant.  Agency personnel have advised the USAO that investigative practice related to implementing such court orders requires specific requests to the provider for historical cell site information, which was not made in this case because of the proactive, prospective nature of the investigation of Defendant Grady and his associates.

(Doc. At 1223, ¶ 7).  During the hearing on Mr. Grady's motion to compel, the government presented the court with a printout of the file names disclosed to defense in response to Mr. Grady's request for cell phone data.  The printout specifically listed a file named "Cell Site Events 12.22.15 3.01.16.xls" indicating that the file contained data from December 22, 2015 through March 1, 2016.  However, when the file was opened, data from December 22, 2015 to February 10, 2016 was missing from the file.

In response to the information presented at this hearing, the Court ordered Sprint to disclose to the defense the missing historical cell phone data and the one complete copy of the original data that Sprint provided to the government in response to search warrant 4:16 MJ 07061 SPM.  Sprint complied, and disclosed the missing historical data as well as the data they originally provided to the government in response to the search warrant 4:16 MJ 07061 SPM.  The original file contains historical cell location data beginning December 23, 2015.

Mr. Grady also requested the items seized from his office pursuant to the December 2, 2016 search warrant, but the government has not disclosed any item seized during the search, nor has the government provided an inventory of items seized.

3

As discussed further below, the government and federal agents assigned to and investigating this case have engaged in egregious acts that have substantially prejudiced Mr. Grady and have violated his due process rights.

## ARGUMENT

A prosecutor is a "representative of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. Untied State*, 295 U.S. 78, 88 (1935). The Court's inherent role of supervising the judicial system "implies the duty of establishing and maintaining civilized standard of procedure and evidence." *McNabb v. United States* 318 U.S. 332 (1943)

Under its supervisory powers, the Court may dismiss an indictment based on egregious government conduct that rises to the level of a due process violation. *United States v. Garlock*, 19 F.3d 441, 442 (8th Cir. 1994). The Supreme Court has held that the purpose of a court's exercise of supervisory powers is threefold: "to implement a remedy for violation of recognized rights; to preserve judicial integrity by insuring that a conviction rests on appropriate considerations validly before the jury; and finally, as a remedy designed to deter illegal conduct." *United States v. Hasting,* 461 U.S. 499, 505 (1983) (citations omitted).

The Eighth Circuit recognizes that outrageous government conduct "should be raised as a pre-trial motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, and that failure to do so waives the issued" *United States v. Henderson-Durand*, 985 F.2d 970, 973 n. 4 (8th Cir. 1993).

The level of outrageousness needed to prove a due process violation is "quite high," and the government's conduct must "shock the conscience of the court." *United States v. Jacobson*,

4

916 F.2d 467, 469 (8th Cir. 1990). "Where the defendant has alleged prosecutorial misconduct, dismissal of an indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice." *United States v. Wadlington*, 233 F.3d 1067, 1073-74 (8th Cir. 2000).

Furthermore, the due process clause of the United States Constitution requires that an accused be indicted by an impartial grand jury. *Stirone v. United States*, 361 U.S. 212, 218-19 (1960).  Accordingly, if a court concludes that a prosecutor has engaged in misconduct, it must determine whether the misconduct undermines the grand jury's ability to make an informed and objective decision.  If a defendant demonstrates that he or she was prejudiced, then the indictment must be dismissed in order to protect the defendant's constitutional rights.  *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988),  *United States v. McKenzie*, 678 F.2d 629, 631 (5th Cir. 1982),  *United States v. Nembhard*, 676 F.2d 193, 200 (6th cir 1982), *United States v. Serubo*, 604 f.2d 807, 817 (3rd cir, 1979).

Mr. Grady made several requests for discovery culminating in a motion to compel the government disclose cell phone data that had not been disclosed to the defense in the eleven months that Mr. Grady has been awaiting trial in this case.  Although the government claims not to have had the specific historical location data requested, data that exculpates Mr. Grady, a letter provided by Sprint in response to the Court's order on September 28, 2017 shows that the government did, in fact, have that historical cell phone location data as early as February 10, 2016.  (See Exhibit 1, Sprint Letter).

On December 2, 2016, the government applied for a search warrant of Mr. Grady's home office, located at 1913B Congress Street, St. Louis, Missouri.  (See Search Warrant No: 4:16 MJ 6256 PLC). Specifically, the agent attested that,

> the facts and information set forth in the Affidavit are based upon my personal knowledge obtained during the course of the investigation, information reported to me by

> other agents and employees of the DEA, and other law enforcement agencies, **my review of reports, toll analysis, pen register analysis,** interception of wire and electronic communications, financial analysis, and information gained through by training and experience."

(See Search Warrant No: 4:16 MJ 6256 PLC, Pg. 3).

As to the specific facts presented as a basis for probable cause, the agent set forth in the affidavit information gained from an individual named in the affidavit as a "CW-6." The affidavit describes an in-person meeting that occurred between Mr. Grady, co-defendant Dillon, and CW-6. This meeting is alleged to have occurred on January 10th or 11th 2016. During this meeting the sealed indictment in this case was discussed. Later that day, the affidavit alleges, "Dillon and Grady re-connected with CW-6 and stated words to the effect that TERRY 'needs to be gone' (leave town for a while)." (See Search Warrant 4:16 MJ6256 PLC, pg 6.). At the time the agent swore to this affidavit on December 2, 2016, the government had access to Mr. Grady's Sprint cell phone records for over nine months showing that he was not in Missouri when this meeting allegedly occurred.

The historical cell site location information conclusively shows that Mr. Grady was not in Missouri from December 29, 2015 to January 12, 2016 and that he was, in fact, in Florida. (See Exhibit 2, Historical Location Data)[1] The agents and the government in this case had access to this location information since February 10, 2016. (See Exhibit 1). Yet, despite having records that showed firstly that Mr. Grady was not in Missouri at the time of his alleged meetings with CW-6, and secondly that the information provided by CW-6 could not be true, the agents swore

---

[1] The historical cell site location data shows that from December 29, 2015 to January 2016 Mr. Grady's cell phone pinged off cell phone towers numbered 3525 and 5510. According to accompanying documents provided by Sprint, tower number 3525 has latitude and longitude coordinates of 30.490178, -81.634822, which is in Jacksonville, Florida, 32218. Cell tower 5510 is located at 30.24781, -81.52167, also located in Jacksonville Florida, 32256.

6

out search warrants for Mr. Grady's office on December 2, 2016, knowingly presenting false information to a Magistrate Judge in order to gain access to and search Mr. Grady's office.

This alleged meeting with CW-6 has been the foundation of every move the government has made in this case.  Although the agents in this case presented to the court that CW-6's information reliable based on corroboration of his statements with respect to Co-defendant Terry, they never provided any evidence that they corroborated information with respect to Mr. Grady, nor did they inform the court that their analysis of the toll analysis and pen register analysis showed that the meeting between CW-6 and Mr. Grady never occurred.   It is this alleged meeting that the government used to support their probable cause arguments in seeking a warrant to search Mr. Grady's property and to arrest Mr. Grady. It is also this alleged meeting that the government argued necessitated Mr. Grady's continued detention, and his placement in a high security facility that requires Mr. Grady to be on lockdown for 24 hours a day. None of the grand jury proceedings have been disclosed to the defense as of yet, but we assume that this meeting was also presented to the grand jury to aid their analysis.  And it is this meeting that the Sprint cell phone records, which the government has had since February 10, 2016, conclusively show never occurred.

Mr. Grady has been substantially prejudiced by the government's conduct in this case. He has been charged with offenses the government has records showing never occurred.  He has been held in pretrial detention, for eleven months as of the date of this filing.  While in custody he has been placed in a facility that denies him access to a law library, and cannot conduct his own legal research to participate in his own defense.  His home has been searched and personal property seized based on false information presented to the United States Magistrate Judge to

support a finding of probable cause.  The conduct engaged in by the government and its agents necessitates the dismissal of the pending indictment against Mr. Grady.

## CONCLUSION

Mr. Grady has been substantially prejudiced by the outrageous conduct of the government and its agents and asks that the pending indictment be dismissed.  Mr. Grady asks that the indictment be dismissed based on the government's knowing presentation of false information to both the Court and the Grand Jury.  In the alternative, Mr. Grady requests a pretrial evidentiary hearing regarding the outrageous government conduct for the purpose of making an additional record in support of this motion.

Respectfully submitted,

s/Quinn A. Michaelis

_____
Quinn A. Michaelis
Attorney for Michael Grady
Quinn  A. Michaelis
150 North Michigan Avenue, Suite 800
Chicago, IL 60601
(312)714-6920

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I electronically filed the above

DEFENDANT MICHAEL GRADY'S MOTION TO DISMISS INDICTMENT

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on November 2, 2017.


By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney For MICHAEL GRADY
150 North Michigan Avenue
Suite 800
Chicago, Illinois 60601
312-714-6920