**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CR404 HEA/NAB |
| ) | |
| MICHAEL GRADY (29) and ) | |
| OSCAR DLILON, III (30), ) | |
| ) | |
| Defendants. ) | |

## ORDER CONCERNING PRETRIAL MOTIONS

All pretrial matters in this cause have been referred to the undersigned pursuant to 28 U.S.C. §636(b). Defendants were charged in the Fifth Superseding Indictment on December 20, 2018 and pled not guilty on **February 7, 2019** before the undersigned. The undersigned previously granted the Government's Motion for Complex Case Finding and to Continue Trial Date Beyond Limits Set by the Speedy Trial Act. [Doc. #765.] At Defendants' arraignments, counsel for Defendants had no objection to this matter continuing to be deemed complex.

**Speedy Trial Finding**: For the reasons set out in the Government's motion and on the record at Defendants' arraignments, the Court finds that the case continues to be a "complex case" as defined in Title 18, United States Code, Section 3161(h)(7)(B)(ii). In addition, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(i), the trial of this matter should be continued past the limits set by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, the case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings, and the failure to exclude this period would likely result in a miscarriage of justice.

**IT IS FURTHER ORDERED** that **forthwith** the government shall give notice to the Defendant of its intention to use specific evidence at trial pursuant to Rule 12(b)(4), Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that no later than **February 22, 2019** each party may propound to the opposing party, and may file with the court, any request for pretrial disclosure of evidence or information.  Not later than **March 1, 2019**, the parties shall respond to any such requests for pretrial disclosure of evidence or information and may file with the court a copy of any such response.  To avoid proliferation of documents, to the extent practicable, all such requests for disclosure and the responses thereto shall be contained in one request document or in one response document, with each separate item of information or evidence discussed being a subpart of said document.

**IT IS FURTHER ORDERED** that no later than **April 5, 2019** the parties shall file any relevant supplemental or amended pretrial motion(s) and the parties shall respond to Defendant's previously-filed pretrial motions and/or any additional motions no later than **April 12, 2019**.  If any party requests an extension of time in which to file pretrial motions, the request must be made in the form of a written motion, and should indicate the party's intention to file pretrial motions and, to the extent possible, those motions which are intended to be filed.

**IT IS FURTHER ORDERED** that if a defendant determines that it is not necessary to file pretrial motions, the defendant must file with the court by **April 5, 2019**, a Notice stating that there are no issues the defendant wishes to raise by way of pretrial motion; that counsel has personally discussed this matter with the defendant; and that the defendant agrees and concurs in the decision not to raise any issues by way of pretrial motions.  **If such a Notice is filed, the defendant's case**

**will no longer be referred to the undersigned and will proceed before the trial judge for disposition.**

     **IT IS FURTHER ORDERED** that any pretrial motion seeking a court order for the production of evidence or information from the opposing party, and each motion to suppress evidence, shall contain a statement of counsel that movant's counsel has personally conferred with counsel for the opposing party about the issue(s) raised in the motion(s), that there is a good faith belief that the information or evidence exists about which discovery is sought or which the defendant seeks to have suppressed, and (for motions for disclosure) that the disclosure of said information or evidence has been refused by the opposing party.

     **IT IS FURTHER ORDERED** that any motion to suppress shall set forth, with particularity, the item(s) of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained.  **Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms will not be heard or considered by the court.**  Each motion to suppress must be accompanied by a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidence was unlawfully obtained, with citations to authority.

     **IT IS FURTHER ORDERED** that all deadlines set forth in this order include weekend days and holidays.  However, if a due date falls on a weekend or holiday, the due date for compliance shall be the next work day.

     **IT IS FURTHER ORDERED** that no extension of time of any deadline set in this order will be granted except upon written motion, made before the expiration of the deadline, and upon good cause shown.

**IT IS FURTHER ORDERED** that an evidentiary hearing on the pretrial motions will be set at a later date.  Unless otherwise ordered, each defendant is required to be present at the evidentiary hearing on said defendant's motion(s).  If said defendant is not present at the hearing, the hearing may go forward in the defendant's absence.  **If the defendant fails to file pretrial motions or a notice of intent not to file pretrial motions, the Court will set the matter for a hearing.**

**IT IS FURTHER ORDERED** that the date for the jury trial of this action shall be set upon the conclusion of the pretrial motion proceedings.

**IT IS FINALLY ORDERED** that a Status Conference is set on **Tuesday, March 5, 2019 at 9:30 AM** before the undersigned. Only counsel is required to attend.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of February, 2019