UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CR404 HEA |
| ) | |
| MICHAEL GRADY, et. al., ) | |
| ) | |
| Defendant.) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Order of Detention Pending Trial finding and ordering that defendant be detained without bail or bond pending trial. Defendant Grady has filed His Motion For Reconsideration Of Detention Order.

This is not the first time that Defendant has requested reconsideration of the Detention Order issued in this matter. This is also his motion subsequent to the filing of the *Fifth* Superceding Indictment which added a charge of witness tampering.  It is academic that pretrial detention of a defendant is justified "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will reasonably assure the defendant's appearance ...." *United States v. Kisling*, 334

F.3d 734, 735 (8th Cir. 2003) (quoting *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985) (en banc); 18 U.S.C. § 3142(c), (e)-(f)).

The court has reviewed the basis for the Order of Detention several times. Each time Defendant has asserted the same essential concerns and arguments as here. Now the severity of the offenses is increased again with the addition of the witness tampering offense. This offense establishes another basis for concluding there exists "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness ...." pursuant to Title 18 U.S.C. § 3142(f)(2)(B).

Title 18, United States Code, Section 3142 establishes certain conditions of release pending trial and the basis for detention. Subsection (b) provides that a defendant shall be released on bond unless such release will not reasonably assure the appearance of the defendant or will endanger the safety of any person or the community.

Pursuant to Title 18, United States Code, Section 3142(g), the court must consider the following factors on the issue of whether the defendant is a flight risk or danger to the community:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including-

   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court appearances;

   and

   (B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state or local law; and

(4)   The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## ANALYSIS

The history and characteristics of the charges and evidence is that defendant provided counsel to a highly tiered drug trafficker in Counts 32 and 33. The highly tiered drug trafficker is alleged to have used a firearm resulting in death.

In order to re-open a detention hearing or reconsider an order of detention a defendant must, first, "present information that was not known or available to him at the time of his original detention hearing, and second, show that such information is material to and has a substantial bearing on whether he should remain detained." *United States v. Petters*, 2009 U.S. Dist. LEXIS, 6489 (S.D. Minn.) (quoting *United States v. Archambault*, 240 F. Supp. 2d 1082, 1084 (D.S.D.

2002). *See also United States v. Rush*, 2017 WL 6541436 (E.D. MO., December 1, 2017.

No material circumstances have changed in Defendant's favor. He has not provided any information that is material to or has a substantial bearing on whether he should remain detained. He has not met his burden.

The Court concludes by clear and convincing evidence that the release of the defendant on bond would pose a danger to the community and finds by a preponderance of the evidence that there is considerable flight risk in releasing the defendant on bond.

The relevant information relative the charges and their circumstances looming over the head of the defendant suggests, upon conviction, he would be subject to a considerable period of incarceration.

The Court finds the release of the defendant on bond would involve a risk of non-appearance.

The Court further finds the release of the defendant on bond would constitute a danger to the community.

It is the further finding of the Court that there are no conditions or combination of conditions that will reasonably assure the safety of the community and the appearance of the defendant as required if he were released on bond.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion For Reconsideration Of Detention Order is Denied.

Dated this 6th day of May, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE