UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15CR404 HEA |
| MICHAEL GRADY and OSCAR DILLON, | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendants Oscar Dillon and Michael Grady's joint Motions to Dismiss Indictment, [Doc. No.'s 1352 and 2186] and Motion to Dismiss on Speedy Trial, [Doc. No. 2453].  Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge Nannette A. Baker.   Judge Baker held three hearings on the motion to dismiss and thereafter filed her Report and Recommendation, which recommended that the Motions to Dismiss be denied.   Both defendants have filed objections to Judge Baker's recommendations and the government has responded to the objections.

The Court has conducted *de novo* review of the motions and all matters relevant to them.   The Court has read the transcript of the hearings, has fully considered the briefs filed on the original motions as well as the objections, and has independently researched the controlling law.   After fully considering all of

these matters, the Court will adopt and sustain the thorough reasoning of Judge Baker as set out in her Report and Recommendation.

In particular, the Court notes that the government has consistently represented to the Court that there has been no intentional withholding of exculpatory evidence. It concedes that it mistakenly represented that the FBI did not obtain the historical cell site information; there is absolutely no evidence that this representation was intentional in any way.  Moreover, the historical cell site information records are strongly corroborative of the government's theory of this case.  Defendants have received the information for use at their trial and have had the information for a substantial length of time; they have not been prejudiced by the mistake.

Defendants continue to ignore the "approximate" language in the warrants and the grand jury testimony to argue that inclusion of the specific dates of January 11 or 12 requires dismissal.  Such a view renders the inclusion of the approximate language superfluous and would provide Defendants a windfall. The intent of such inclusion clearly was to encompass the time in the past when the specific day may not have been remembered in the present.

This case has clearly been appropriately designated as complex such that the Speedy Trial Act limitations do not apply.  The volume of motion practice and briefing in this matter so demonstrate the accuracy of this designation.

Additionally, the need for numerous hearings has further established this case falls within the type of cases for which the complex designation was intended.

Judge Baker's Report and Recommendation thoroughly and accurately analyses the law applicable to the facts which have been established in the record. Defendants' objections are therefore overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Baker's Report and Recommendation is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, [Doc. No.'s 1352, 2186, and 2453] are denied.

Dated this 13th day of May, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE