

|  |  |  |
|---|---|---|
|  | **U.S. Department of Justice** |  |
|  | *United States Attorney*<br>*Eastern District of Missouri* |  |
|  | *Organized Crime Drug Enforcement*<br>*Task Force - West Central Region* |  |
| MICHAEL A. REILLY<br>*Assistant United States Attorney* | *Thomas F. Eagleton U.S. Courthouse*<br>*111 South 10th Street, Rm. 20.333*<br>*St. Louis, Missouri 63102* | Direct    (314) 539-7723<br>Office:   (314) 539-2200<br>  Fax:    (314) 539-2312 |

December 4, 2020

Ms. Quinn A. Michaelis
73 West Monroe Street
Ste. 106
Chicago, IL 60603

Ms. Blaire C. Dalton
Dalton Law, LLC
53 W. Jackson Blvd.
Ste. 1550
Chicago, IL 60604

Mr. Vadim A. Glozman
Edward M. Genson and Associates
53 W. Jackson Blvd.
Suite 1410
Chicago, IL 60604

Re:   **United States v. Michael Grady and Oscar Dillon, III**
       **Case Number S5-4:15CR 404 HEA/NAB**

       **NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b), AND TO IMPEACH BY CRIMINAL CONVICTION PURSUANT TO RULE 609(b)**

Counsel:

   A.   Rule 404(b)

As to Michael Grady, the prosecution intends to offer evidence related to the facts,

1

circumstances, and judgment in cause number S1-4:99CR290 SNL for his conviction for conspiracy to possess with intent to distribute heroin on January 20, 2000, for which he was sentenced to a term of 112 months imprisonment and a term of supervised release. This evidence will be offered to prove Defendant Grady's motive, intent, knowledge, absence of mistake, or lack of accident as to all counts charged in the indictment.

As to Oscar Dillon, the prosecution contends that evidence of the events related to his arrest on September 7, 2016, including the seizure of cellular telephones containing evidence relevant to the counts charged in this indictment, is intrinsic to this case.

The prosecution also intends to offer evidence of the specific events of Defendant Dillon's actions on and before September 7, 2016 related to his receipt of a package containing ten kilograms of cocaine. This evidence will include his presence at or near 3748 Delor during September 7, the manner in which he possessed and operated a Camry automobile from which the phones were seized, his use of a fake name to sign for a package containing ten kilograms of cocaine, and the contents of a cellular flip phone containing communications between July 24, 2016 and September 7, 2016 related to Defendant Dillon's knowledge of the delivery of the package containing ten kilograms of cocaine. These events are well documented in the record of cause number 17CR-95 RWS, including the transcripts and exhibits related to the events described herein, and in discovery materials previously provided to counsel.

To the extent the aspects of the evidence related to September 7, 2016 may be deemed to exceed what is intrinsic to the pending charges, the prosecution alternatively intends to offer said evidence pursuant to Rule 404(b) to prove Defendant's Dillon's motive, intent, knowledge, absence of mistake, or lack of accident as to all counts charged in the indictment.

B.  Rule 609

Defendant Grady's conviction for conspiracy to possess with intent to distribute heroin in cause number S1-4:99CR290 SNL is within the scope of the time frame authorized for impeachment purposes pursuant to Rule 609.

Should Defendant Grady testify, the prosecution intends to impeach his credibility with his previous convictions for two counts of forgery in the Circuit Court of St. Louis County in cause number 476425.   On or about January 30, 1984, Defendant Grady was sentenced to consecutive ten year terms of imprisonment for these offenses.

Please contact me if you have any questions or need additional information.

> Very truly yours,
>
> JEFFREY B. JENSEN
> United States Attorney
>
> *s/ Michael A. Reilly*
> MICHAEL A. REILLY, #43908MO
> Assistant United States Attorney

cc:   Court File