IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 00404 HEA |
| | ) | |
| MICHAEL GRADY, et. al., | ) | |
|     Defendant. | ) | |

## DEFENDANT MICHAEL GRADY'S MOTION IN LIMINE TO EXCLUDE OTHER ACTS EVIDENCE

NOW COMES, the Defendant, MICHAEL GRADY, by and through his attorneys, QUINN A. MICHAELIS and JOSHUA B. ADAMS, and respectfully moves this Honorable Court to issue an order precluding the Government from presenting specific evidence of other crimes to the jury pursuant to Fed. R. Evid. Rule 404(b) and 403.  In support of this motion, Mr. Grady states as follows:

### INTRODUCTION

The government seeks to admit certain evidence against Mr. Grady, namely, a 2000 conviction for conspiracy to possess with intent to distribute heroin, for which he was sentenced to 110 months imprisonment.  The proffered conviction is "offered to prove Defendant Grady's motive, intent, knowledge, absence of mistake, or lack of accident as to all counts charged in the indictment." (Doc. at )  Mr. Grady is charged in the fifth superseding

1

indictment with conspiracy to distribute a detectable amount of cocaine and a detectable amount of heroin, obstruction of justice, unlawful flight to avoid prosecution, money laundering, and witness tampering.    Mr. Grady objects to the use of this conviction as it is impermissible character evidence, not sufficiently similar to the charged counts, is too remote in time, and is prejudicial to Mr. Grady.

ARGUMENT

Under Federal Rule of Evidence 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may be admissible for "other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Before admitting evidence under Rule 404(b) the court must determine if the proffered evidence satisfies the following four-part test: (1) that the evidence is relevant to a material issue; (2) that the evidence is similar in kind and not overly remote in time to the charged crime; (3) that the evidence is supported by sufficient evidence; and (4) that the evidence's potential prejudice does not substantially outweigh its probative value. *United States v Robinson*, 639 F.3d489, 494 (8th Cir. 2011).

a. **The government's proffered evidence is impermissible character evidence.**

The government's 404(b) notice is devoid of any argument, and suggests that the mere fact of the previous conviction alone is relevant, so long as they list non-propensity reasons for using the previous conviction.  404(b) requires more than a mere recitation of non-propensity reasons for the admission of the proffered evidence.  "Federal Rule of Evidence 404(b)(2) identifies the purpose for which evidence or prior convictions may be admitted, but merely reciting those permissible purposes without more is not sufficient to render the evidence of a prior conviction admissible in any particular case…Rule 404(b) requires a careful inquiry and analysis *of the purpose for which the evidence is offered*.  The government—as proponent of the evidence—must identify the permissible non-propensity purpose for the evidence, and must articulate the relationship between the prior conviction and a material issue in the case." *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir 2016).

The Eighth Circuit has emphasized that "before evidence of a prior conviction is admitted, the district court should ask why the government seeks to admit it." *United States v. Turner*, 871 F.3d 374, 390-91 (8th Cir. 2015*)*.  In *Turner*, the government sought to admit evidence of a defendant's prior drug possession in order to prove his intent and knowledge to commit the charged conspiracy.  The court emphasized that the government must provide an explanation linking the defendant's previous acts to his knowledge or intent in the current charge.  *Id.*  "Only if these types of questions are

asked, *and adequately answered*, can the district court determine whether evidence of a prior bad act, including prior convictions in drug cases, may be admitted pursuant to Rule 404(b) or whether it must be excluded because it is offered solely to prove criminal propensity or is substantially more prejudicial than probative.  *Id.*  at 390-91 (emphasis added).

The foundational requirement of Rule 404 is that the explanation connecting a prior bad act to an element in the charged offense must be "supported by some propensity-free chain of reasoning."  *United Sates v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014(en banc)); *United States v Rodriguez*, 880 F.3d 1151, 1167-68 (9th Cir. 2018)("Thus, where the defendant's knowledge is contested, we have emphasized that the government must prove a logical connection between the knowledge gained as result of the commission of the prior act and the knowledge at issue in the charged act."…this logical connection must be 'supported by some propensity-free chain of reasoning.'")

The government has made no argument here, and has simply recited a list of non-propensity reasons for admitting the evidence without providing the requisite connection between the proffered conviction and "all counts" in which Mr. Grady is charged. Significantly, "all the counts" alleged against Mr. Grady do not involved drug charges. That is merely Count 32. Plainly put, the government has not established a non-propensity causal connection

4

between the 2000 conviction, and the current charged conduct, twenty years later.

Pursuant to the Eighth Circuit's holding in *United States v. Cotton*, "mere recitation of the Rule without an accompanying case-specific analysis risks couching criminal propensity in terms of knowledge, intent, or lack of mistake.  Rule 404(b), by its own terms, requires more."  823 F.3d at 434-435.

**b.  The government's proffered evidence is not sufficiently similar, and is too remote in time.**

The government's proffered evidence is offered "to prove Defendant Grady's motive, intent knowledge, absence of mistake, or lake of accident as to all counts charged in the indictment."  As stated above, Mr. Grady is charged in a number of counts that are unrelated to the distribution of controlled substances.  As to the charged drug conspiracy, it is apparently the government's theory not that Mr. Grady engaged in the activities of the drug distribution himself, but that he provided "information about who Grady and [co-defendant] Dillon believed was cooperating with the Government.  This was advantageous to [the cooperating defendant] CW-A, who as a drug-dealer, did not want to work with people who were suspected of cooperating with the Government."  (Doc. 1409 at 10).

The fact that Mr. Grady received a felony conviction 16 years prior to the indictment in this case, and 20 years before his trial sheds absolutely no

light on the charged conduct. Mr. Grady does not allege as an affirmative defense that he made a "mistake" or was unaware of the charged conspiracy. In fact, the government has not alleged a single fact that can connect the 2000 conviction with any of the events that it will present to the jury. The same individuals are not common in either case, nor were the actions or modus apperendi of the charged conspiracy. Plainly put, this creates more heat than fire. The government attempts to put Mr. Grady's conviction before the jury only to show propensity. Mr. Grady had been convicted in 2000, therefore, he must be guilty in 2020.

The proffered conviction need only be "sufficiently similar," and in such a way to support whatever permissible inference makes the evidence relevant. *United States v. Cook*, 545 F.3d 938, 941 (8th Cir. 2006) (upholding the exclusion of evidence of past convictions for crimes that superficially resembled the charged offense but were *"functionally* dissimilar"). There is no similarity between Mr. Grady's 20-year-old conspiracy to distribute heroin, and the current charged conspiracy.  The government's theory is that Mr. Grady shared publicly available information with a co-defendant to aid or assist the co-defendant's drug trafficking organization.  The government has never alleged that Mr. Grady assisted in obtaining the drugs, nor that he not distributed the drugs.   The only inference the jury can gather from this two-decade old conviction, and the one the government hopes the jury will make,

6

is that because Mr. Grady is a previously convicted drug felon, he must be guilty in this case, even though there is no allegation that Mr. Grady engaged in the trafficking of drugs himself.  That is the very definition of propensity evidence, and must be excluded.

WHEREFORE, defendant, MICHAEL GRADY, respectfully requests this Court to issue an order precluding the government from entering into evidence his 2000 conspiracy conviction because such evidence is propensity evidence, and is too dissimilar and too remote in time to the current charged conduct.

Respectfully submitted,

s/Quinn A. Michaelis
An Attorney for Michael Grady

s/ Joshua B. Adams
An Attorney for Michael Grady

Quinn A. Michaelis
Attorney ID No. IL 6293379
73 W. Monroe, Suite 106
Chicago, IL 60601
(312)714-6920

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312) 566-9173

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically filed the above

### DEFENDANT MICHAEL GRADY'S MOTION IN LIMINE TO EXCLUDE OTHER ACTS EVIDENCE

with the Clerk of Court using the CM/ECF system to all listed parties in the case.

Respectfully Submitted on February 17, 2021.

By His Attorney,
s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney for MICHAEL GRADY
73 W. Monroe, Suite 106
Chicago, Illinois 60601
312-714-6920