IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    Plaintiff,    )<br>   )<br>v.    )<br>   )<br>MICHAEL GRADY, et. al.,    )<br>    Defendant.    ) | No. 4:17 CR 00404 HEA |

**MICAHEL GRADY'S REPLY TO GOVERNMENT'S RESPONSE TO THE MOTION TO COMPEL WITNESS AND EXHIBIT LIST**

NOW COMES, Defendant, MICHAEL GRADY, by and through his attorneys, QUINN A. MICHAELIS, and JOSHUA B. ADAMS, and respectfully submits the following in reply to the government's response to the Motion to Compel Witness and Exhibit List:

1. Mr. Grady's previous court appointed attorney previously filed a letter entitled "Discovery request" sent to the government on December 9, 2016. (Doc. 718). The letter requested:

    12. <u>Government witnesses</u>: The name and last known address of each prospective government witness. See *United States v. Neap*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 583 (9th Cir. 1983) (failure to interview Government witness by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense counsel has an equal right to talk to witnesses).

    13. <u>Other witnesses</u>: The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called to testify as Government witnesses. *United States v. Cadet*, 727 F.2d 1469 (9th Cir. 1984)…

1

> 24. Statement by Government and refusal to provide: If the government has any of the above requested items but refuses to provide them to the defense, please advise and state what item(s) are refused and the grounds for refusal.

(Doc. 718).

The government has had more than 50 months to respond to the initial discovery request letter filed on December 9, 2016 but has not done so until now.

2. On August 21, 2017, the undersigned counsel sent an additional request to the government stating, "On December 9, 2016 Mr. Grady's former attorney requested specific discovery pursuant to *Brady* and Federal Rule of Criminal Procedure 16. The current request incorporates and expands the previous discovery requests made by Mr. Grady's former attorney, Larry Hale."

3. The government has repeatedly requested and received complex-case findings from this Court based on the voluminous discovery involved in this case.

4. To date, the government has provided to all defendants approximately 20,363 pages of discovery, "phone dumps" for approximately 121 different phones as well as a number of videos and audio recordings. The government has provided to Mr. Grady and co-defendant Dillon an additional 4,420 pages of reports and documents, at least three disks of jail calls, 9 data dumps from seized devices, and 96 hours of video from one jail. The government also tendered all discovery relating to the prosecution of *United States v. Roy Burris, et al.,* 4:17 CR 00095 RWS, (consisting of 43 disks and two

thumbdrives) including trial transcripts and exhibits.  The voluminous reports tendered thus far contain the names of detectives and agents across different state and federal agencies, including SLMPD, FBI, DEA.

5. Moreover, the government has an additional 25 file boxes of documents seized from Mr. Grady's home, that have been virtually inaccessible to the defense for the last 11 months due to the pandemic.  The only description of that discovery tendered so far is a 6-page "index" that simply lists names presumably written on the files seized from Mr. Grady.  There is no further description of the contents of any of these files.

6. On February 25, 2021, the government sent an email claiming to have become aware of documents removed from these 25 boxes of additional discovery that are in the possession of a "taint team" set up to review the contents of those boxes.  The defense has no further information currently about how many additional documents have been segregated or when those documents, which are arguably exculpatory, will be made available.

7. As the government has stated in its response, it has already provided some early Jencks material, and the identity of some cooperating witnesses has already been disclosed in pretrial evidentiary hearings.  To the extent that the government continues to be concerned about disclosing the names of cooperating witnesses, the government can disclose the proposed witness list as "attorneys' eyes only,"  or provide a proposed witness list that does not include cooperating witnesses.

8. A proposed exhibit list would not pose the same security concerns the government expresses with respect to their witnesses, as the government has presumably already disclosed to the defense all evidence it intended to use at trial. Mr. Grady simply asks the government to inform him which of the tens of thousands of pages of documents, and multiple hours of recordings it intends to use at trial.

WHEREFORE, defendant, MICHAEL GRADY, compel the government to produce instanter, a proposed witness list and proposed exhibit list.

Respectfully submitted,

s/ Quinn A. Michaelis
An attorney for Michael Grady

s/ Joshua B. Adams
An Attorney for Michael Grady

Quinn A. Michaelis, # 6293379
73 W. Monroe, Suite 106
Chicago, IL 60601
(312)714-6920
qmichaelis@yahoo.com

Joshua B. Adams
LAW OFFICES OF JOSHUA B. ADAMS, P.C.
53 W. Jackson Blvd., Suite 1615
Chicago, IL 60604
(312)566-9173

4

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021 I electronically filed the above

**MICAHEL GRADY'S REPLY TO GOVERNMENT'S RESPONSE TO THE MOTION TO COMPEL WITNESS AND EXHIBIT LIST**

with the Clerk of Court using the CM/ECF system to all listed parties in the case.
    Respectfully Submitted on March 1, 2021.

By His Attorney,

s/ Quinn A. Michaelis
Quinn A. Michaelis
Attorney for Michael Grady
73 W. Monroe, Suite 106
Suite 800
Chicago, Illinois 60601
312-714-6920