UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15CR404 HEA |
| MICHAEL GRADY and OSCAR DILLON, | ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This is matter before the Court on Defendant Grady's Motion in Limine, [Doc. No. 3031]. The Government opposes the Motion and has filed a memorandum in support of its position. For the reasons set forth below, the Motion is denied.

### **Relevant Procedural History**

The Government has set forth the relevant history in its Response. As to Defendant Grady, he is charged in the Fifth Superseding Indictment in Counts 31, 32, 33, 34, and 35:

**COUNT 31**
**(Drug Conspiracy)**
**[S4 Ct 3]**

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the .date of this Indictment, in the Eastern District of Missouri and, elsewhere, the defendants,

**MICHAEL GRADY, and OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, including DERRICK TERRY, STANFORD WILLIAMS, and others, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a . Schedule II controlled substance, and a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

All in violation of Title.21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendants **MICHAEL GRADY and OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense, punishable under Title 21, United States Code, Section 841(b)(l)(A)(ii)(II).

**COUNT 32**
**(Obstruction of Justice)**
[S4 Ct 28]

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

**MICHAEL GRADY, and**
**OSCAR DILLON, III a/k/a "Ant," "Chest," "Muscles,"**

2

acting together and with others including DERRICK TERRY, CHARDA DAVIS, and STANFORD WILLIAMS did knowingly corruptly obstruct, influence, and impede an official proceeding, namely, *United States v. Derrick Terry, et al,* Sl-4:15CR 404 HEA/NAB, and did knowingly attempt to obstruct, influence, and impede said official proceeding, and in furtherance thereof, each defendant took a substantial step, including the flight of DERRICK TERRY to Dallas, Texas, all in violation of Title 18, United States Code, Sections 2 and 1512(c)(2).

## COUNT33
### (Unlawful Flight to Avoid Prosecution)
*[S4 Ct 29]*

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

### MICHAEL GRADY, and
### OSCARDILLON, III a/k/a "Ant," "Chest," "Muscles,"

acting- together and with others including DERRICK TERRY, CHAR.DA DAVIS, and STANFORD WILLIAMS did knowingly travel, or cause, counsel, and command another to travel in interstate commerce with the intent to avoid prosecution for a felony offense, namely conspiracy to distribute cocaine charged in *United States v. Derrick Terry, et al,* Sl-4:15CR 404 -HEA/NAB, charged under the laws of the United States within the Eastern District of Missouri from which DERRICK TERRY fled, in violation of Title 18, United States Code, Sections 2 and 1073.

## COUNT34
### (Money Laundering)
*[S4 Ct 51]*

The Grand Jury further charges that:

Beginning around August 2015 and continuing thereafter until the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**MICHAEL GRADY, and**
**OSCAR DILLON; III a/k/a "Ant," "Chest," "Muscles,"**

did knowingly combine, conspire, and agree with. other persons known and unknown to the Grand Jury, including DERRICK TERRY, STANFORD WILLIAMS, and others, to commit offenses against ·the United States, to wit: knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the· distribution of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, and designed the transactions in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### COUNT 35
### (Witness Tampering)

The Grand Jury further charges that:

Beginning-at an exact time unknown, but including between or about December 2, 2016 and December 8, 2016, in Lincoln County, within the Eastern District of Missouri, and elsewhere, the defendant,

**MICHAEL GRADY,**

did knowingly attempt to corruptly influence the testimony of any person m an official proceeding, namely, *United States v. Michael Grady, et al,* S4-4:15CR 404 REA/NAB, and in furtherance thereof, the defendant took a substantial step, including but not limited to the following: (1) contacting a confined cooperating witness; (2) requesting that the cooperating witness create an affidavit specifying that that a particular financial transaction did not occur; (3) directing the cooperating witness to include other information in an affidavit; and ( 4) by causing said affidavit to be

4

filed in a court proceeding in this matter on or about December 8, 2016, all in violation of Title 18, United States Code, Section and 1512(b)(l).

45.

## Discussion

Defendant seeks to preclude the Government from introducing evidence pertaining to Defendant's 2000 conviction for conspiracy to possess with intent to distribute heroin arguing the evidence is impermissible character evidence, the evidence is not sufficiently similar, and the evidence is too remote in time. The Government argues the evidence is admissible pursuant to Rule 404(b) to show Defendant's "motive, knowledge, intent and lack of accident or mistake" with regard to his mental state to commit the charged offenses.

"Evidence of prior acts is admissible under Federal Rule of Evidence 404(b) if '(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.' *United States v. Geddes*, 844 F.3d 989-90 (8th Cir. 2017) (citation omitted); see Fed. R. Evid. 404(b)." *United States v. Cooper*, No. 20-1053, 2021 WL 786410, at *5 (8th Cir. Mar. 2, 2021). Rule 404(b) provides that evidence of other acts is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

5

Fed.R.Evid. 404(b). "[Rule 404(b) ] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson,* 439 F.3d 947, 952 (8th Cir.2006).

"Where knowledge and intent are material issues at trial, the prosecution is generally allowed to present 'evidence of other acts tending to establish [knowledge and intent].' *United States v. Johnson*, 934 F.2d 936, 939 (8th Cir. 1991) (quoting *United States v. Miller*, 725 F.2d 462, 466 (8th Cir. 1984)) (internal quotation marks omitted)." *Geddes*, 844 F.3d at 990. The evidence is relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *United States v. Robinson,* 639 F.3d 489, 494 (8th Cir.2011) (quoting *United States v. Frazier,* 280 F.3d 835, 847 (8th Cir.2002)) (internal quotation mark omitted); *see also United States v. Hill,* 638 F.3d 589, 592 (8th Cir.2011) (holding that evidence of the defendant's prior distribution of cocaine was relevant to the material issues of the defendant's knowledge or intent to distribute drugs); *Johnson,* 439 F.3d at 952 (holding that evidence of defendant's prior drug dealing was "relevant to the material issue [of] whether [the defendant] had the requisite intent to enter into a conspiracy with [another person] to distribute drugs"). Accordingly, the court finds that Defendant's prior conviction is relevant to the material issues of his intent and knowledge.

6

> To determine if evidence is too remote, the [district] court applies a reasonableness standard and examines the facts and circumstances of each case. There is no fixed period within which the prior acts must have occurred. We have generally been reluctant to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged. *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (cleaned up). We noted in *Halk* that a court may consider incarceration as a factor weighing against remoteness. *Id.*

*United States v. Harry*, 930 F.3d 1000, 1007 (8th Cir. 2019). Defendant was incarcerated until late 2007, and as the Government points out, the conduct in this case began around 2013-14. Defendant's prior conviction for conspiracy is therefore not overly remote in time.

As to the sufficiently similar factor, the conspiracy conviction is sufficiently similar to the charges herein. Both the prior conviction and the current charges center around drug distribution. Defendant's knowledge of drug distribution from the prior conspiracy support an inference of Defendant's intent to conspire in another drug trafficking operation.

The court further notes, as it did with respect to Defendant Dillon, any prejudice will be lessened by an appropriate jury instruction. *See United States v. Littlewind,* 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court ...."); *United States v. Turner,* 583 F.3d 1062, 1066 (8th Cir.2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the

7

purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

Each of the 404(b) factors to which Defendant argues have been satisfied. Accordingly, the motion in limine will be denied.

## Conclusion

Based upon the foregoing analysis, the Government's presentation of evidence of Defendant's prior conviction does not offend Rule 404(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Grady's Motion in Limine, [Doc. No. 3031], is **DENIED**.

Dated this 10th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE