UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. S5-4:15CR00404 HEA |
| MICHAEL GRADY, and OSCAR DILLON, III, | ) ) ) ) | |
| Defendants. | ) | |

**GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE**

COMES NOW the United States of America, by and through Sayler A Fleming, United States Attorney for the Eastern District of Missouri, and Donald Boyce and Michael A. Reilly, Assistant United States Attorneys for said District, and for its omnibus motions in limine states as follows:

**I.**
**GOVERNMENT'S FIRST MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM COMMENTING ON POTENTIAL PUNISHMENT OR SENTENCE**

The Government moves this Court to enter an order prohibiting the defendants' attorneys from commenting on the potential punishment or sentencing if the defendants are convicted. It is black letter law that "[s]entencing is generally one of the areas barred from comment during closing arguments to the jury because the jury is supposed to be concerned solely with the determination of guilt."  75 AM.JUR.2D Trial § 572 (1991).  Indeed, Eighth Circuit Model Jury Instruction No. 3.12 provides that "if the defendant is found

1

guilty, the sentence to be imposed is [the Court's] responsibility. [The jury] may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt. In other words, where the Court, rather than the jury imposes punishment, "the duration of imprisonment for the crime in question is not a proper subject of commentary by counsel." 75 AM.JUR.2D Trial § 572 (1991).

Obviously, the defendants' potential term of imprisonment or the factors supporting that term should not be a consideration in the jury's determination of guilt or innocence. Therefore, the Government requests that this Court enter an order precluding defense counsel from attempting to secure the jury's sympathy by commenting on the potential punishment or sentencing should the defendant be convicted.

## II.
## SECOND MOTION IN LIMINE TO EXCLUDE PREVIOUS ALLEGATIONS OF PROSECUTORIAL AND LAW ENFORCEMENT MISCONDUCT

The United States moves to exclude evidence of Defendants' unfounded allegations of government misconduct. Defendants raised a plethora of allegations of misconduct and vindictive prosecution, previously moving to dismiss the indictment [DCD 1352, 2186]. These claims were denied after extensive hearings before the Court [DCD 2646, 2586]. These unfounded allegations are irrelevant and unduly prejudicial, in that they serve only to confuse the jury. The Eighth Circuit Court of Appeals recognized this in *United States v. Sanders*, 196 F.3d 910, 914 (8th Cir. 1999) (affirming a district court's ruling preventing defense counsel from continuing "to cast doubt on the legality of the stop and search."). While Sanders addressed the Court's ruling on a search and seizure issue, the principle is

2

the same. The Court should reject any effort to raise issues that are irrelevant, unduly prejudicial, and would only confuse the jury.

### III.
### THIRD MOTION IN LIMINE TO EXCLUDE EVIDENCE OF LAWSUITS ALLEGING PROSECUTORIAL AND LAW ENFORCEMENT MISCONDUCT

Both Defendants have sued law enforcement personnel and Assistant United States Attorneys (AUSA). See *Michael Grady v. James Gaddy, Michael Reilly, and Dean Hoag*, 4:19 CV 1701 NCC [DCD 27, 28]; *Oscar Dillon, III v. Michael A. Reilly, James Williams, Tom Llewellyn, James Gaddy*, 4:19 CV 3119 JCH [DCD 19, 23, 24]. The Court should reject any effort to raise issues that are irrelevant, unduly prejudicial, and would only confuse the jury.

### IV.
### FOURTH MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT DEFENDANT DILLON WAS ACQUITTED OF CONDUCT THAT WILL BE OFFERED AS EVIDENCE PURSUANT TO RULE 404(b)

On March 1, 2021, this Court issued its order allowing evidence of the events of September 7, 2016 pursuant to Rule 404(b) in relation to Defendant Dillon [DCD 3063]. In *United States v. Dillon and Burris*, 4:17 CR 95 RWS, Dillon was acquitted of conspiracy to distribute cocaine and attempt possession with intent to distribute cocaine in relation to the events of September 7, 2016. The United States moves to exclude evidence of the jury's verdict of acquittal at the upcoming trial in this matter.

In *United States v. Vega,* 676 F.3d 708, 719 (8th Cir. 2012), the Eighth Circuit has found acquitted conduct that meets the Rule 404(b) four-factor admissibility test to be

3

admissible. Further, the Eighth Circuit found that the District Court in *Vega* was correct in prohibiting the defendant from presenting evidence that the prior conduct had been acquitted. *Id.* at 720. Evidence that the conduct resulted in judgments of acquittal were found to be inadmissible because the judgments are hearsay and "they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt." *Id.* (internal citations omitted). For the reasons set forth in *Vega*, the United States moves to exclude evidence of the acquittal in this case.

## V.
## FIFTH MOTION IN LIMINE TO PERMIT USE OF PRIOR CONVICTIONS DURING CROSS EXAMINATION OF DEFENDANT

The United States moves to introduce three of Defendant Grady's prior convictions for purposes of impeachment should he testify. On January 20, 2000, Judge Stephen N. Limbaugh, in cause number S1-4:99CR 290, sentenced Michael Grady to 112 months in prison for conspiracy to possess with the intent to distribute heroin. Judge Limbaugh also imposed a five year term of supervised release. Bureau of Prisons records establish that Grady was released from prison on October 2, 2007. This conviction is admissible form impeachment purposes pursuant to Rule 609(a) in that it is a felony offense within ten years of the commission of this offense.

On January 30, 1984, the Circuit Court of St. Louis County sentenced Defendant Grady to two consecutive terms of ten years imprisonment for two forgery offenses in cause number 476425. Missouri Department of Corrections records appear to indicate that Defendant Grady was released on October 27, 1997. The United States moves to

4

admit these offenses for impeachment purposes pursuant to Rule 609(b) because the probative value substantially outweighs any prejudicial effect of the convictions.

Federal Rule of Evidence 609(a) allows a party to offer evidence of a witness's prior conviction for purposes of attacking the witness's character for truthfulness, if the prior conviction was for a crime punishable by death or imprisonment in excess of one year under the applicable law. Fed. R. Evid. 609. If the conviction (or the release of the witness from the confinement imposed for that conviction) occurred more than ten years before trial, the court must determine whether the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect, and the party offering the evidence must give his opponent advance written notice. *United States v. Eagle*, 515 F.3d 794, 804 (8th Cir. 2008) (citing Fed. R. Evid. 609). In other words, "prior convictions are admissible for impeachment purposes and ... any criminal defendant who takes the stand may be cross examined about his prior felony convictions." *United States v. Buchanan*, 659 F.2d 878, 879 (8th Cir. 1981); *United States v. Finch,* 842 F.2d 201 (8th Cir. 1988), *cert. denied*, 487 U.S. 1239, 108 S. Ct. 2911 (1988) (felon in possession).   The trial court has broad discretion in determining whether to admit evidence concerning a prior conviction. *United States v. Wesley*, 990 F.3d 360, 365, 366 (8th Cir. 1993)(citations omitted); *United States v. Hood*, 748 F.2d. 439, 441 (8th Cir. 1984). The weighing of the probative value against the prejudicial effect when evidence of a prior conviction is more than ten years old is offered for the purpose of attacking the credibility

of a witness is similarly committed to the sound discretion of the trial court. *United States v. Foley*, 683 F.2d 273 (8th Cir. 1982).

Here, the United States has provided previous written notice of its intent to impeach Defendant Grady with his forgery convictions, despite that the convictions occurred more than ten years ago.   In weighing probative value versus any prejudicial effect of admitting prior convictions under Rule 609(b), courts consider the following factors:

(1) The nature [impeachment value] of the crime.

(2) The time of the conviction.

(3) The similarity between the past crime and the charged crime.

(4) The importance of [the witness's] testimony.

(5) The centrality of the credibility testimony.

*United States v. Porter*, 2016 WL 879996 (E.D. LA March 8, 2016), *citing United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985).   As to the first factor, the Fifth Circuit has held that "prior crimes involving deliberate and carefully premeditated intent such as fraud and forgery are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent."  *Porter, quoting United States v. Cohen*, 544 F.2d 781, 785 (5th Cir. 1977).   "[S]uch crimes are more probative on the issue of propensity to lie under oath than more violent crimes that do not involve dishonesty."  *Id.*   Defendant's forgery convictions have significant probative value.

The age of the conviction is measured from the date of conviction or release from confinement, whichever is later.   Rule 609(b).   Here, the United States believes

6

Defendant Grady was release from the Missouri Department of Corrections on October 27, 1997.  He was incarcerated within a few years for his federal conviction, until 2007, when he was placed on a period of supervised release.

There is similarity between Defendant Grady's prior forgery offenses and efforts to obstruct justice and tamper with a witness in this case, including that Defendant Grady attempted to corruptly influence a witness to file an affidavit which contained falsehoods and to shade his testimony.

Should Defendant Grady testify, he will directly contradict prosecution witnesses as to the elements of the offense, making his testimony both important and central to the issues to be decided in this case.  This will make his credibility an important factor in the case. *See United States v. Walker*, 817 F.2d 461, 463 (8th Cir. 1983) (citations omitted). Where the resolution of a defendant's guilt or innocence would depend in significant measure upon the credibility of the various witnesses, the jury is entitled to consider the defendant's other felonious conduct to resolve that conflict. *See United States v. Collier*, 527 F.3d 695 (8th Cir. 2008) (admission of the nature of defendant's predicate felony, the sale or receipt of an access card to defraud, was warranted as impeachment evidence in felon in possession prosecution as defendant's credibility was central to the issue of whether he knowingly possessed the firearm).

On balance, the evidence supports a finding that the probative value of Defendant Grady's forgery convictions substantially outweighs any prejudicial effect.

Under Rule 609(a) inquiry about a prior conviction may extend to whether a prior conviction was obtained, when the conviction was obtained, and what the conviction was for. *United States v. Wesley*, 990 F.3d 360, 366 (8th Cir. 1993) (citations omitted). As to Defendant's conviction for conspiracy to distribute heroin, it falls within the ten year window under Rule 609(a).  As a procedural matter, the United States respectfully requests that, should defendant testify, the Court make an explicit finding on the record that the probative value of the convictions outweighs their prejudicial effect and that the Court provide some indications of the reasons for its findings. *Walker*, 817 F.2d at 463 (citations omitted); *Hood,* 748 F.2d. at 441 (The better practice is for the trial court to make an on the record finding that the test weighs in favor of, or against, the admission of the prior conviction.).

Therefore, for the reasons stated, the United States requests the Court to permit the United States to cross-examine defendant regarding his prior convictions if Defendant elects to testify at trial.

## VI.
## SIXTH MOTION IN LIMINE PERMITTING THE INTRODUCTION OF BUSINESS RECORDS WITHOUT CALLING A CUSTODIAN OF RECORDS, AND TO INTRODUCE RECORDS OF VITAL STATISTICS

The United States has a business record that it may introduce at trial.  The United States has previously provided call detail records with cell site information to counsel for defendants. The United States does not intend to call the custodians of records to authenticate these records. Nevertheless, they should be admitted.

The Federal Rules of Evidence permit the admission of business records. "Fed.R.Evid. 803(b) permits admission into evidence of 'records of regularly conducted activity.'" *Shelton v. Consumer Products Safety Comm'n*, 277 F.3d 998, 1009 (8th Cir. 2002), cert. denied, 537 U.S. 1000 (2002). Furthermore, Fed.R.Evid. 902(11) permits business records to be introduced without the testimony of a custodian of records so long as a certificate accompanying the records certifies that it was: (1) made at or near the time of the occurrence by a person with knowledge; (2) kept in the course of the regularly conducted activity; and (3) made by the regularly conducted activity as a regular practice. The document and the declaration must be made available to the defendant for inspection. Fed.R.Evid. 902(11); *Shelton*, 277 F.3d at 1009 n. 9.

In this instance, the United States has previously provided a copy of the certificate to Defendant for inspection prior to trial. The certificates will conform with Rule 902(11)'s requirements for the admissibility of the records without the need for the custodian of records to testify. Consequently, the Court should admit the records at trial without the need for a custodian.

The United States has also previously provided counsel with copies of two birth certificates that it may move to introduce at trial pursuant to Rule 803(9), as public records of vital statistics. These records are self-authenticating pursuant to Rule 902(1)(a), (2), and or (4). Consequently, the records should also be admitted at trial.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Michael A. Reilly*
MICHAEL A. REILLY #43908MO
DONALD BOYCE #6282562IL
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

### CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, the foregoing was filed electronically with the Clerk of the Court to be served upon Counsel of record.

*s/Michael A. Reilly*
Michael A. Reilly, 43908MO
Assistant United States Attorney