UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S5-4:15 CR 404 HEA |
| MICHAEL GRADY,  and | ) | |
| OSCAR DILLON, III | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Michael Reilly and Donald Boyce, Assistant United States Attorneys for said District, and submits the attached jury instructions for use at trial (Exhibit 1).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Michael A. Reilly*
MICHAEL A. REILLY
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200

1

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on March 15, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                              */s/ Michael A. Reilly*
                                              MICHAEL A. REILLY #43908MO
                                              Assistant United States Attorney

1

**PRELIMINARY INSTRUCTIONS**

.01   INSTRUCTION NO. _____

Members of the Jury Panel, if you have a cell phone, smart phone, I-phone, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, (briefly advise jurors of your court's rules concerning cellphones, cameras and any recording devices).

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any social media, including services or apps such as Facebook, Instagram, Snapchat or

3

Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself *so as to* maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

[Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial?] (And then continue with other voir dire.)

4

**.02**   INSTRUCTION NO. _____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow any one to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written,

oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

**1.01**   INSTRUCTION NO. _____

Ladies and gentlemen:   I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.   At the end of the trial I will give you further instructions.   I may also give you instructions during the trial.   Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

[Describe your court's policy, such as "You must leave your cell phone, PDA, Blackberry, smart phone, I-phone and any other wireless communication devices in the jury room during the trial and may only use them during breaks.   However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations.   You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate.   It will be returned to you when your deliberations are complete."]

This is a criminal case, brought against the defendants by the United States.   The defendants are charged with conspiracy to distribute a controlled substance, attempted obstruction of justice, conspiracy to commit money laundering, and Defendant Grady is charged with the additional offense of attempted witness tampering.   Those charges are set forth in what is called an indictment, which I will summarize as follows:

Count One charges that beginning at an unknown time but including 2012 and thereafter that defendants Michael Grady and Oscar Dillon conspired with each other and other persons including Derrick Terry and Stanford Williams to distribute a controlled substance.

Count Two charges that beginning at a time unknown but including in or about January 2016 through July 27, 2016, Michael Grady and Oscar Dillon aiding and abetting each other and others, including Derrick Terry, did corruptly attempt to influence an official proceeding, namely, *United States v. Derrick Terry, et al.*

6

Count Three charges that beginning around August 2015, Michael Grady and Oscar Dillon conspired with each other and other persons including Derrick Terry and Stanford Williams to conduct financial transactions that involved the proceeds of distribution of a controlled substance that were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of a specified unlawful activity.

Count Four charges that in December 2016, Michael Grady attempted to corruptly influence the testimony of a witness in an official proceeding, namely *United States v. Michael Grady, et al.*

You should understand that an indictment is simply an accusation.  It is not evidence of anything.  The defendants have pleaded not guilty, and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt.[3]

It will be your duty to decide from the evidence whether each defendant is guilty or not guilty of the crimes charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not.  You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only these defendants, not anyone else, are on trial here, and that these defendants are on trial only for the crimes charged, not for anything else.

**1.02**   INSTRUCTION NO. _____

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] charged, which the prosecution must prove beyond a reasonable doubt to make its case:

As to **COUNT ONE**, which charges **CONSPIRACY TO DISTRIBUTE A CONTROLLED SUBSTANCE**:

It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to distribute a controlled substance, as charged in Count One of the indictment, has three elements, which are:

*One*, beginning at an exact time unknown to the Grand Jury but including 2012, and continuing thereafter to the date of the Indictment, two or more people reached an agreement to commit the crime of distribution of a controlled substance;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

As to **COUNT TWO**, which charges **ATTEMPTED OBSTRUCTION OF JUSTICE**:

The crime of attempting to corruptly obstruct, influence, or impede an official proceeding, as charged in Count Two of the indictment, has three essential elements, which are:

One, the defendant attempted to obstruct, influence, or impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB; and

Two, the defendant acted corruptly; and

Three, the defendant voluntarily and intentionally carried out some act that was a substantial step toward that attempt to corruptly obstruct, influence, or impede an official proceeding.

A person may be found guilty of attempting to obstruct, influence or impede an official

9

proceeding even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of attempt to obstruct, influence, or impede an official proceeding.

As to **COUNT THREE**, which charges **CONSPIRACY TO COMMIT MONEY LAUNDERING:**

The crime of money laundering conspiracy as charged in Count Three of the indictment against defendants Michael Grady and Oscar Dillon, III, has three elements, which are:

*One,* beginning around August 2015 and continuing through the date of the indictment, two or more persons reached an agreement or came to an understanding to conduct money laundering;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

As to **COUNT FOUR**, which charges **ATTEMPTED WITNESS TAMPERING:**

The crime of attempted tampering with a witness, as charged in Count Four of the indictment and pertaining to defendant Grady, has three essential elements, which are:

One, the defendant attempted to use corrupt persuasion against REDACTED, and

Two, the defendant did so with the intent to influence the testimony of REDACTED in *United States v. Michael Grady, et al*, S4-4:15CR 404 HEA/NAB; and

Three, the defendant voluntarily and intentionally carried out some act that was a substantial step toward tampering with a witness.

10

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

**1.03**   INSTRUCTION NO. _____

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed— that is, facts which I say you may, but are not required to, accept as true, even without evidence. Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper.   You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.   Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

**1.05**   INSTRUCTION NO. _____


In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.   [In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe].

**1.06A**   INSTRUCTION NO. _____

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read [play]1 back lengthy testimony. You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.]

[When you leave at night, your notes will be secured and not read by anyone.]

14

**1.07**   INSTRUCTION NO. _____


During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.   Please understand that while you are waiting, we are working.   The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**1.08**   INSTRUCTION NO. _____

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to the [bailiff] [deputy clerk]. (Describe person.)

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with

16

anyone or post information about the parties, witnesses, participants, [claims] [charges],
evidence, or anything else related to this case. You must not tell anyone anything about the jury's
deliberations in this case until after I accept your verdict or until I give you specific permission
to do so. If you discuss the case with someone other than the other jurors during deliberations, it
could create the perception that you have clearly decided the case or that you may be influenced
in your verdict by their opinions. That would not be fair to the parties and it may result in the
verdict being thrown out and the case having to be retried. During the trial, while you are in the
courthouse and after you leave for the day, do not provide any information to anyone by any
means about this case. Thus, for example, do not talk face-to-face or use any electronic device or
media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet,
any Internet service, any text or instant messaging service, any Internet chat room, blog, or
Website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate
to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any
other way—or make any investigation about this case on your own. Do not visit or view any
place discussed in this case and do not use Internet programs or other device to search for
or to view any place discussed in the testimony. Also, do not research any information about this
case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the
judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any
blog, about the case, or about anyone involved with it, or listen to any radio or television reports
about the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you
avoid reading any newspapers or news journals at all, and avoid listening to any television or

17

radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.] I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.   The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.   It is very important that you abide by these rules.   Remember, you have taken an oath to abide by these rules and you must do so. [Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.]

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## 1.09 OUTLINE OF TRIAL

INSTRUCTION NO. _____


The trial will proceed in the following manner: First, the government will make an opening statement.   Next the defendant's attorney may, but does not have to, make an opening statement.   An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be. The government will then present its evidence and counsel for the defendant may cross examine.   Following the government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the government may cross-examine them. After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**FINAL INSTRUCTIONS**

### 3.01. INTRODUCTION

INSTRUCTION NO. _____

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

8th Circuit Manual of Model Jury Instructions 3.01

21

### 3.02. DUTY OF JURY

INSTRUCTION NO. _____

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

8th Circuit Manual of Model Jury Instructions 3.02

## 3.03. EVIDENCE; LIMITATIONS

INSTRUCTION NO. _____

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses the documents and other things received as exhibits, the facts that have been stipulated -- this is, formally agreed to by the parties, the facts that have been judicially noticed -- this is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

l. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

8th Circuit Manual of Model Jury Instructions 3.03

## 4.17. DIRECT AND CIRCUMSTANTIAL EVIDENCE

INSTRUCTION NO. _____

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

8th Circuit Manual of Model Jury Instructions 4.17

## 3.04. CREDIBILITY OF WITNESSES

INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

8th Circuit Manual of Model Jury Instructions 3.04

## 4.10. OPINION EVIDENCE, EXPERT WITNESS

INSTRUCTION NO. _____

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

8th Circuit Manual of Model Jury Instructions 4.10

## 2.05. WIRETAP OR OTHER TAPE-RECORDED EVIDENCE

INSTRUCTION NO. _____

You have heard tape recordings of conversations. These conversations were legally recorded, and you may consider the recordings just like any other evidence.

8th Circuit Manual of Model Jury Instructions 2.05

27

## 2.06A TRANSCRIPT OF RECORDED CONVERSATION

INSTRUCTION NO. _____

As you have heard, there are transcripts of the recordings. Those transcripts also undertake to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

8th Circuit Manual of Model Jury Instructions 2.06A

28

## 2.18 IMPEACHMENT OF WITNESS

INSTRUCTION NO. _____


You have heard evidence that witness **REDACTED** has been convicted of a crime. You may use that evidence only to decide whether to believe the witness and how much weight to give his/her testimony.   You have also heard evidence that the witness participated in and pled guilty to the crime charged and hopes to receive a reduction of his/her sentence in return for his/her cooperation with the United States in this case.

It is up to a judge to decide whether or not to reduce the sentence and if so, by how much.

You may give the testimony of this witness such weight as you think it deserves. Whether or not the testimony of this witness may have been influenced by any of these factors is for you to determine.


8th Circuit Manual of Model Criminal Jury Instructions 2.18, 4.05A, 4.05B (all modified)

## 2.08   DEFENDANT'S PRIOR SIMILAR ACTS— WHERE INTRODUCED TO PROVE AN ISSUE OTHER THAN IDENTITY (FED. R. EVID. 404(B))

INSTRUCTION NO. _____

You [are about to hear] [have heard] evidence that on September 7, 2016, the Drug Enforcement Administration observed and later arrested defendant Dillon at or near 3748 Delor, St. Louis, MO after he accepted delivery of a package that contained approximately ten kilograms of cocaine.   DEA agents also seized cellular telephones, miscellaneous paperwork, and other evidence. You may consider this evidence only if you (unanimously) find it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether defendant Dillon had intent, knowledge and absence of mistake in voluntarily joining the charged conspiracies and in the commission of attempt obstruction of justice.   You should give it the weight and value you believe it is entitled to receive. If you find that this evidence has not been proved, you must disregard it.

Remember, even if you find that the defendant may have committed a similar act at another time, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts at another time.  The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

8th Circuit Manual of Model Jury Instructions 2.08 (modified)

### 2.08    DEFENDANT'S PRIOR SIMILAR ACTS— WHERE INTRODUCED TO PROVE AN ISSUE OTHER THAN IDENTITY (FED. R. EVID. 404(B))

INSTRUCTION NO. _____

You [are about to hear] [have heard] evidence that defendant Grady committed the federal offense of conspiracy to possess with the intent to distribute heroin between April 1999 and July 2, 1999.   The parties have stipulated to this offense.

You may consider the stipulated offense only for the limited purpose of deciding whether defendant Grady had intent, knowledge and absence of mistake in voluntarily joining the charged conspiracies and in the commission of attempt obstruction of justice and attempt witness tampering.   You should give it the weight and value you believe it is entitled to receive.

Remember, even though the defendant may have committed the stipulated offense in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in  the  past.  The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

8th Circuit Manual of Model Jury Instructions 2.08 (modified)

INSTRUCTION NO. _____

Omitting the formal caption, the indictment in the case reads as follows:

## COUNT ONE
### (Drug Conspiracy)

The Grand Jury further charges that:

Beginning at an exact time unknown to the Grand Jury, but including 2012, and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

**MICHAEL GRADY and
OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,",**

did knowingly and willfully conspire, combine, confederate and agree with each other and other persons known and unknown to this Grand Jury, including DERRICK TERRY, STANFORD WILLIAMS, and others, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846; and

The amount of cocaine involved in the conspiracy and attributable to defendants **MICHAEL GRADY and OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,"** as a result of their own respective conduct, and the conduct of other conspirators, known or reasonably foreseeable to each individual, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii)(II).

## COUNT TWO
### (Obstruction of Justice)

The Grand Jury further charges that:

Beginning at an exact time unknown, but including in or about January 2016 through July 27, 2016, within the Eastern District of Missouri and elsewhere, the defendants,

### MICHAEL GRADY and
### OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,",

acting together and with others including DERRICK TERRY, CHARDA DAVIS, and STANFORD WILLIAMS did knowingly corruptly obstruct, influence, and impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB, and did knowingly attempt to obstruct, influence, and impede said official proceeding, and in furtherance thereof, each defendant took a substantial step, including the flight of DERRICK TERRY to Dallas, Texas, all in violation of Title 18, United States Code, Sections 2 and 1512(c)(2).

### COUNT THREE
### (Money Laundering)

The Grand Jury further charges that:

Beginning around August 2015 and continuing thereafter until the date of this Indictment, in the Eastern District of Missouri and elsewhere, the defendants,

### MICHAEL GRADY and
### OSCAR DILLON, III, a/k/a "Ant," "Chest," "Muscles,",

did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury, including DERRICK TERRY, STANFORD WILLIAMS, and others, to commit offenses against the United States, to wit: knowingly conducted and attempted to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, and designed the transactions in whole or in part to

33

conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, the defendant knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR
### (Witness Tampering)

The Grand Jury further charges that:

Beginning at an exact time unknown, but including between or about December 2, 2016 and December 8, 2016, in Lincoln County, within the Eastern District of Missouri, and elsewhere, the defendant,

## MICHAEL GRADY,

did knowingly attempt to corruptly influence the testimony of any person in an official proceeding, namely, *United States v. Michael Grady, et al*, S4-4:15CR 404 HEA/NAB, and in furtherance thereof, the defendant took a substantial step, including but not limited to the following: (1) contacting a confined cooperating witness; (2) requesting that the cooperating witness create an affidavit specifying that that a particular financial transaction did not occur; (3) directing the cooperating witness to include other information in an affidavit; and (4) by causing said affidavit to be filed in a court proceeding in this matter on or about December 8, 2016, all in violation of Title 18, United States Code, Section and 1512(b)(1).

**3.13 VENUE**

INSTRUCTION NO. _____

The government must prove it is more likely true than not true that the offenses charged were begun, continued or completed in the Eastern District of Missouri. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case, except where you have been specifically instructed otherwise.

8th Circuit Manual of Model Jury Instructions 3.13

### 3.08.   DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF (Multiple Defendants, Multiple Counts)

INSTRUCTION NO. _____

The Indictment in this case charges the defendant Dillon with three different crimes, and charges Defendant Grady with four different crimes.

Count One charges that Defendants Dillon and Grady committed the crime of conspiracy to distribute a controlled substance

Count Two charges that Defendants Dillon and Grady committed the crime of attempted obstruction of justice.

Count Three charges that Defendants Dillon and Grady committed the crime of conspiracy to commit money laundering.

Count Four charges that Defendant Grady committed the crime of attempted witness tampering.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial.   The Indictment is not evidence.   You must presume each defendant to be innocent at this stage in the proceedings.   Thus, the trial of the defendants begins with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the Government proves, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant.   Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately,

36

each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the Government throughout the trial. The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

8th Circuit Manual of Model Jury Instructions 3.08

## 3.11. REASONABLE DOUBT

INSTRUCTION NO. _____

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

8th Circuit Manual of Model Jury Instructions 3.11

INSTRUCTION NO. _____

The indictment charges that the offenses were committed "on or about" a certain date. Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the count of the indictment, it is not necessary for the United States to prove that the offense was committed precisely on the date charged.

Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions § 13.05

INSTRUCTION NO. _____


Count One of the indictment is based upon statutes which are federal law, Title 21, United

States Code, Sections 841(a)(1) and 846, which read, in pertinent part, as follows:

        (a) ... it shall be unlawful for any person knowingly or intentionally-

        (1) to ... distribute … a controlled substance; ...


- and -

        any person who attempts or conspires to commit any offense defined

        in this subchapter shall be subject to the same penalties as those

        prescribed for the offense, the commission of which was the object

        of the attempt or conspiracy.


Title 21, United States Code, Sections 841(a)(1) and 846

40

## 5.06A-I. CONSPIRACY:   ELEMENTS (21 U.S.C. § 846)

INSTRUCTION NO. _____

It is a crime for two or more people to agree to commit a crime. The crime of conspiracy to distribute a controlled substance, as charged in Count One of the indictment, has three elements, which are:

*One*, beginning at an exact time unknown to the Grand Jury but including 2012, and continuing thereafter to the date of the Indictment, two or more people reached an agreement to commit the crime of distribution of a controlled substance;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

Instruction Nos. _____ further explain these elements.

If all of these elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count One; otherwise you must find the defendant not guilty of this crime under Count One.

8th Circuit Manual of Model Jury Instructions 5.06A-I

**5.06A-2. CONSPIRACY:   ELEMENTS (18 U.S.C. § 371) EXPLAINED**

INSTRUCTION NO. _____

**Element One -**

Element One of the conspiracy charge in Count One requires that two or more people reached an agreement to commit the crime of distribution of a controlled substance.

The indictment charges a conspiracy to distribute a controlled substance. For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy to distribute a controlled substance.

The agreement between two or more people to commit the crime of conspiracy  to distribute controlled substances does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of distribution of a controlled substance was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit distribution of a controlled substance, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime of distribution of a controlled substance, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to distribute a controlled substance by voluntarily and intentionally participating in the unlawful plan with the intent to further the crime of distribution of a controlled substance. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

43

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To help you decide whether the defendant agreed to commit the crime of distribution of a controlled substance, you should consider the elements of that crime, which are the following:

*One*, a person intentionally transferred a controlled substance to another person; and

*Two*, at the time of the transfer, the person knew he was dealing a controlled substance.

The government is not required to prove that the defendant knew the exact nature of the controlled substance with which he was dealing.

You may consider these elements in determining whether the defendant agreed to commit the crime of distribution of a controlled substance keeping in mind that this count of the indictment only charges a conspiracy to distribute a controlled substance, and does not charge that distribution of a controlled substance was committed.

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime distribution of a controlled substance simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

8th Circuit Manual of Model Jury Instructions 5.06A-2 (modified)
8th Circuit Manual of Model Jury Instructions 5.06B (2007)
United States v. Ramos, 814 F.3d 910, 915 (8th Cir. 2016), as corrected (Feb. 23, 2016);
United States v. Martin, 274 F.3d 1208, 1210 (8th Cir. 2001)
United States v. Anwar, 880 F.3d 958, 967 (8th Cir. 2018)
United States v. Campbell, 986 F.3d 782, 809 (8th Cir. 2021)
United States v. Thompson, 686 F.3d 575, 583 (8th Cir. 2012)

## 5.06D. CONSPIRACY:   CO-CONSPIRATOR ACTS AND STATEMENTS

INSTRUCTION NO. _____


If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.


8th Circuit Manual of Model Jury Instructions 5.06D

46

INSTRUCTION NO. _____


You are instructed, as a matter of law, that heroin is a Schedule I narcotic controlled substances and that cocaine is a Schedule II narcotic controlled substance.


Title 21, United States Code, Section 812

INSTRUCTION NO. _____


Count Two of the indictment is based upon statutes which are federal law, Title 18,

United States Code, Sections 1512(c)(2) and 2, which read, in pertinent part, as follows:

> (c) Whoever corruptly--
>
> (2) ... Obstructs, influences, or impedes any official proceeding, or
>
> attempts to do so … shall … be … sentenced [according to law].

- and –

> Whoever commits an offense against the United States or aids,
>
> abets, counsels, commands, induces or procures its commission, is
>
> punishable as a principal.


Title 18, United States Code, Sections 1512(c)(2) and 2

## 5.01, 8.01 ATTEMPTED OBSTRUCTION OF JUSTICE:   ELEMENTS
## (18 U.S.C. § 1512(c)(2), and 2)

INSTRUCTION NO. _____

The crime of attempting to corruptly obstruct, influence, or impede an official proceeding, as charged in Count Two of the indictment, has three essential elements, which are:

*One*, the defendant attempted to obstruct, influence, or impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB; and

*Two*, the defendant acted corruptly; and

*Three*, the defendant voluntarily and intentionally carried out some act that was a substantial step toward corruptly obstructing, influencing, or impeding an official proceeding.

A person may be found guilty of attempting to obstruct, influence or impede an official proceeding even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of attempt to obstruct, influence, or impede an official proceeding.

In order to have aided and abetted the commission of a crime a person must before or at the time the crime was committed,

(1) have known that attempted obstruction of justice was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of attempted obstruction of justice that he was able to make the relevant choice to walk away from attempted obstruction of justice before all elements of attempted obstruction of justice were complete;

(3) have knowingly acted in some way for the purpose of causing, encouraging or aiding the commission of attempted obstruction of justice; and

(4) have intended to corruptly obstruct, influence and impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB.

49

For you to find the defendant guilty of attempted obstruction of justice by reason of aiding and abetting, the prosecution must prove beyond a reasonable doubt that all of the elements of attempted obstruction of justice were committed by some person or persons and that the defendant aided and abetted the commission of that crime; otherwise you must find the defendant not guilty of this crime under Count Two.

You may infer the defendant had the requisite advance knowledge of the attempt to corruptly obstruct, influence, or impede an official proceeding if you find the defendant failed to object or withdraw from actively participating in the commission of the attempt to corruptly obstruct, influence, or impede an official proceeding after the defendant observed another participant complete the attempt to corruptly obstruct, influence, or impede an official proceeding.

8th Circuit Manual of Model Jury Instructions 5.01 (2018) (modified)
8th Circuit Manual of Model Jury Instructions 8.01 (2018)
8th Circuit Manual of Model Jury Instructions 6.18.1512 (2018) (modified)
Federal Criminal Jury Instructions Seventh Circuit 18 U.S.C. § 1512(c)(2) (2020) (modified)

INSTRUCTION NO. _____

As to Count Two of the indictment,

The term "official proceeding," means a proceeding before a judge or a court of the United States.   An official proceeding need not be pending or about to be instituted at the time of the offense.

To act "corruptly" as that that word is used in these instructions means to act voluntarily and deliberately and for the purpose of improperly influencing, obstructing, or interfering with the administration of justice.   The term "corruptly," means acting with an improper purpose, personally or by influencing another.

Title 18, United States Code, Sections 1515(a)(1), 1515(f)(1), and 1515(b)(5)
O'Malley, et. al., Federal Jury Practice and Instructions: Criminal, § 48.04 (5th Ed. 2000).
8th Circuit Manual of Model Jury Instructions 6.18.1503A Committee Comments

**8.01A ATTEMPT**

INSTRUCTION NO. _____

A substantial step, as used in the previous instruction related to Counts Two, and as it will by used later in these instructions regarding Count Four, must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime.   In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

8th Circuit Manual of Model Jury Instructions 8.01A (modified)

INSTRUCTION NO. _____

As to Count Three of the Indictment, Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), provides in pertinent part that:

>(a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity

>\* \* \*

>(A)(i) with the intent to promote the carrying on of specified unlawful activity, or…

>(B) knowing that the transaction is designed in whole or in part –

>>(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, or ...

and Section 1956(h), provides in pertinent part that:

>(H) any person who conspires to commit any offense defined in this section ... shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the conspiracy....

## 6.21.846    CONSPIRACY (for 18 U.S.C. § 1956(h))

The crime of money laundering conspiracy as charged in Count Three of the indictment against defendants Michael Grady and Oscar Dillon, III, has three elements, which are:

*One,* beginning around August 2015 and continuing through the date of the indictment, two or more persons reached an agreement or came to an understanding to conduct an illegal financial transaction;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

The crime of conducting an illegal financial transaction, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), has four elements, which are:

*One*, the defendant conducted a financial transaction, that is, the transfer of U.S. currency which in any way or degree affected interstate or foreign commerce;

*Two*, the defendant conducted the financial transaction with money derived from the unlawful distribution of cocaine and/or heroin;

*Three*, at the time the defendant conducted the financial transaction, the defendant knew the money represented the proceeds of some form of unlawful activity; and

*Four*, the defendant conducted the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful distribution of cocaine and/or heroin.

54

The term "conducted," as used in this Instruction includes initiating, concluding or participating in initiating or concluding a transaction.

Keep in mind that the indictment charges a conspiracy to commit money laundering and not that money laundering was committed.

If all of these elements have been proved beyond a reasonable doubt as to a defendant, then you must find the defendant guilty of the crime charged in Count Three of the indictment; otherwise, you must find the defendant not guilty of the crime charged in Count Three of the indictment.

8th Circuit Manual of Model Jury Instructions 6.18.1956B and 5.06C (modified)
8th Circuit Manual of Model Jury Instructions 6.21.846    (modified)

INSTRUCTION NO. _____

**6.18.1956J.   SUPPLEMENTAL INSTRUCTIONS**

**(1) Financial Transaction**

The phrase "financial transaction," as used in Instruction ———— means a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

**(2) Interstate Commerce**

The phrase "interstate commerce," as used above, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The term "commerce" includes, among other things, travel, trade, transportation and communication

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce.   All that is necessary is that interstate or foreign commerce was affected as a natural and probable consequence of the defendant's actions. You may find an effect on interstate commerce has been proven if you find from the evidence beyond a reasonable doubt: that the defendant transferred or delivered United States currency across state lines or there is a wire transfer across state lines.

**(3) Proceeds**

The term "proceeds" means any property, or any interest in property, that someone derives from, or obtains or retains, either directly or indirectly, as a result of the distribution of cocaine

56

or heroin.   It includes the gross receipts of the sale of cocaine or heroin.   Proceeds can be any kind of property, not just money. It can include personal property, like a car or a piece of jewelry, or real property, like an interest in land.   So, for example: if someone sells drugs for cash and uses the cash to buy something, the item bought is still proceeds of the crime.

It does not matter whether or not the person who committed the underlying crime, and thereby acquired or retained the proceeds, was the defendant.   It is a crime to conduct a financial transaction involving property that is the proceeds of a crime, even if that crime was committed by another person, as long as all of the elements of the offense are satisfied.

The government is not required to trace the property it alleges to be proceeds of the distribution of cocaine or heroin.   It is sufficient if the government proves that the property was the proceeds of the distribution of cocaine or heroin generally.   For example, in the case of alleged drug proceeds, the government would not have to trace the money to a particular drug offense, but could satisfy the requirement by proving that the money was the proceeds of drug trafficking generally.

The government need not prove that all of the property involved in the transportation or transfer was the proceeds of the distribution of cocaine or heroin.   It is sufficient if the government proves that at least part of the property represents such proceeds.

### (4) Specified Unlawful Activity

The phrase "specified unlawful activity," means any one of a large variety of offenses defined by statute.   I instruct you as a matter of law that distribution of cocaine and heroin are offenses that fall within the definition.

### (5) Knowledge

The phrase "knew the money represented the proceeds of some form of unlawful activity," means that the defendant knew the property involved in the transaction represented

proceeds from some form, though not necessarily which form, of activity that constitutes a felony offense under State or Federal law.   Thus, the government need not prove that the defendant specifically knew that the money involved in the financial transaction represented the proceeds of the distribution of cocaine or heroin or any other specific offense; it need only prove that he knew it represented the proceeds of some form, though not necessarily which form, of felony under federal law.   I instruct you as a matter of law that distribution of cocaine and heroin are felony offenses under law.

8th Circuit Manual of Model Jury Instructions 6.18.1956J (Modified)

INSTRUCTION NO. _____

The term "financial transaction" means (A) a transaction which in anyway or degree effects interstate or foreign commerce … (ii) involving one or more monetary instruments …

The term "monetary instruments" means coin or currency of the United States …

Title 18, United States Code, Sections 1956(c)(4)(A)(ii) and (c)(5)(i)

INSTRUCTION NO. _____

## 7.04. DELIBERATE IGNORANCE/WILLFUL BLINDNESS

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant believed there was a high probability that the United States currency was the proceeds of the distribution of a controlled substance and that he took deliberate actions to avoid learning of that fact. Knowledge may be inferred if the defendant deliberately closed his eyes to what would otherwise have been obvious to him. A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts.   You may that the defendant conspired to engage in an illegal financial transaction if he believed there was a high probability that the money involved in the transaction was the proceeds of the distribution of a controlled substance and that he took deliberate actions to avoid learning of that fact.   You may not find the defendant acted "knowingly" if you find he was merely negligent, careless or mistaken as to the source of the money orders.

8th Circuit Manual of Model Jury Instructions 7.04

INSTRUCTION NO. _____

**5.06B.   CONSPIRACY:   "AGREEMENT" EXPLAINED**

The Government must prove that the defendant reached an agreement or understanding with at least one other person.   It makes no difference whether that person is a defendant or named in the indictment.   You do not have to find that all of the persons charged were members of the conspiracy.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.   Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.   A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are.   Further it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.   A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after considering all of the evidence, whether the conspiracy alleged in the indictment existed.   If you find that the alleged conspiracy did exist, you must also decide whether the defendant voluntarily and intentionally joined the conspiracy, either at the time it

61

was first formed or at some later time while it was still in effect.   In making that decision, you must consider only evidence of the defendant's own actions and statements.   You may not consider actions and pretrial statements of others, except to the extent that pretrial statements of others describe something that had been said or done by the defendant.

8th Circuit Manual of Model Jury Instructions 5.06B

INSTRUCTION NO. _____

**5.06E   CONSPIRACY:   SUCCESS IMMATERIAL**

It is not necessary for the Government to prove that the conspirators actually succeeded

in accomplishing their unlawful plan.

8th Circuit Manual of Model Jury Instructions 5.06E

INSTRUCTION NO. _____

Count Four of the indictment is based upon a statute which is federal law, Title 18, United States Code, Sections 1512(b)(1), which reads, in pertinent part, as follows:

> (b) Whoever … corruptly persuades another person, or attempts to do so … with the intent to--
>
> (1) influence ... the testimony of any person in an official proceeding … shall … be … sentenced [according to law].

Title 18, United States Code, Sections 1512(b)(1)

## 8.01 ATTEMPT WITNESS TAMPERING:    ELEMENTS
### (18 U.S.C. § 1512(b)(1)

64

INSTRUCTION NO. _____

The crime of attempted tampering with a witness, as charged in Count Four of the indictment and pertaining to only defendant Grady, has three essential elements, which are:

*One*, the defendant attempted to use corrupt persuasion against REDACTED, and

*Two*, the defendant did so with the intent to influence the testimony of REDACTED in *United States v. Michael Grady, et al*, S4-4:15CR 404 HEA/NAB; and

*Three*, the defendant voluntarily and intentionally carried out some act that was a substantial step toward tampering with a witness.

To corruptly persuade someone means to persuade with consciousness of wrongdoing.

To act with "intent to influence" the testimony of a person means to act for the purpose of getting the person to change or color or shade his or her testimony in some way.  It is not necessary for the prosecution to prove that the person's testimony was, in fact, changed in any way.

If all of these elements have been proved beyond a reasonable doubt, then you must find defendant Grady guilty of the crime charged under Count Four; otherwise you must find defendant Grady not guilty of this crime under Count Four.

8th Circuit Manual of Model Jury Instructions 8.01
8th Circuit Manual of Model Jury Instructions 6.18.1512 (modified)

**7.05. PROOF OF INTENT OR KNOWLEDGE**
INSTRUCTION NO. _____


Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.


8th Circuit Manual of Model Jury Instructions 7.05

INSTRUCTION NO. _____

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in evidence.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from the defendant's failure to do so.

Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions § 17.18 (modified)

INSTRUCTION NO. _____


You have heard testimony as to the manner in which the United States conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative techniques that were not used. In attempting to prove its case, the United States is under no obligation to use all of the investigative methods that are available to it or to use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendants' guilt.


Modern Federal Jury Instructions Instr. 4-4 (adapted)
United States v. Antonio Shaw, United States District Court for the Eastern District of Missouri, Case No. 4:10 CR 471 HEA (Sept. 25, 2012) (Doc. No. 294, Instruction No. 39 at p. 44)
United States v. Cota-Meza, 367 F.3d 1218, 1223 (10th Cir. 2004)
United States v. Saldarriaga, 204 F.3d 50, 52-53 (2d Cir. 2000)
United States v. Mason, 954 F.2d 219, 222 (4th Cir. 1992)
United States v. Sanchez Solis, 882 F.2d 693, 697 (2d Cir. 1989)
United States v. Cheung Kin Ping, 555 F.2d 1069, 1073-74 (2d Cir. 1977)

### 3.12. ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM
INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if a defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

69

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads:   (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

8th Circuit Manual of Model Jury Instructions 3.12 (modified)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S5-4:15CR 404 HEA |
| | ) | |
| MICHAEL GRADY, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERDICT**

## **COUNT ONE**

We, the jury in the above entitled cause, unanimously find the defendant

**MICHAEL GRADY**    _____

guilty/not guilty

of the crime of conspiracy to distribute a controlled substance as charged in Count One of the

indictment.

If you find the defendant guilty, you must answer the following:

(1) Check which controlled substance(s) that you find unanimously and beyond a

reasonable doubt was or were involved in the offense:

a.    _____ cocaine;

b.    _____ heroin.

(2)   If you have found unanimously and beyond a reasonable doubt that cocaine was

involved in the offense, you must determine the quantity of a mixture or substance containing

cocaine involved in the conspiracy attributable to Defendant Grady as a result of his own conduct,

and the conduct of other conspirators known or reasonably foreseeable to him was:

71

a.    _____ five kilograms or more;

b.    _____ less than five kilograms but more than 500 grams;

c.    _____ less than 500 grams.

Check the quantity of a mixture or substance containing a detectable amount of cocaine which the jury agrees unanimously and beyond a reasonable doubt was involved in the offense. If you are unable to agree, check (c).

### COUNT TWO

We, the jury in the above entitled cause, unanimously find the defendant

**MICHAEL GRADY**   _____

guilty/not guilty

of the crime of attempted obstruction of justice as charged in Count Two of the indictment.

### COUNT THREE

We, the jury in the above entitled cause, unanimously find the defendant

**MICHAEL GRADY**   _____

guilty/not guilty

of the crime of conspiracy to commit money laundering as charged in Count Three of the indictment.

### COUNT FOUR

We, the jury in the above entitled cause, unanimously find the defendant

**MICHAEL GRADY**   _____

guilty/not guilty

of the crime of attempted witness tampering as charged in Count Four of the indictment.

_____

FOREPERSON

_____

Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )          No. S5-4:15CR 404 HEA |
| | ) |
| OSCAR DILLON, III, | ) |
| | ) |
| Defendant. | ) |

**<u>VERDICT</u>**

**<u>COUNT ONE</u>**

We, the jury in the above entitled cause, unanimously find the defendant

**OSCAR DILLON, III** _____

guilty/not guilty

of the crime of conspiracy to distribute a controlled substance as charged in Count One of the indictment.

If you find the defendant guilty, you must answer the following:

(1) Check which controlled substance(s) that you find unanimously and beyond a reasonable doubt was or were involved in the offense:

a.  _____ cocaine;

b.  _____ heroin.

(2)  If you have found unanimously and beyond a reasonable doubt that cocaine was involved in the offense, you must determine the quantity of a mixture or substance containing cocaine involved in the conspiracy attributable to Defendant Dillon as a result of his own conduct, and the conduct of other conspirators known or reasonably foreseeable to him was:

a. _____ five kilograms or more;

b. _____ less than five kilograms but more than 500 grams;

c. _____ less than 500 grams.

Check the quantity of a mixture or substance containing a detectable amount of cocaine which the jury agrees unanimously and beyond a reasonable doubt was involved in the offense. If you are unable to agree, check (c).

## COUNT TWO

We, the jury in the above entitled cause, unanimously find the defendant

**OSCAR DILLON, III**   _____

guilty/not guilty

of the crime of attempted obstruction of justice as charged in Count Two of the indictment.

## COUNT THREE

We, the jury in the above entitled cause, unanimously find the defendant

**OSCAR DILLON, III**   _____

guilty/not guilty

of the crime of conspiracy to commit money laundering as charged in Count Three of the indictment.

_____

FOREPERSON

_____

Date

75