STATE v. GRADY     Mo. **301**
Cite as 691 S.W.2d 301 (Mo.App. 1985)

attempted robbery first degree, and he appealed. The Court of Appeals, Clemens, Senior Judge, held that indigent defendant was adequately apprised of his *Miranda* right to appointed counsel prior to his making incriminating oral statement to police, which accordingly was admissible.

Affirmed.

Criminal Law ⇌412.2(3)

Indigent defendant was adequately apprised of his *Miranda* right to appointed counsel before he made incriminating oral statement to police, which accordingly was admissible. U.S.C.A. Const.Amend. 5.

Mary E. Dockery, Office of Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

The only issue here: Was the indigent defendant's incriminating oral statement to police improperly admitted in evidence when allegedly made without prior explicit *MIRANDA* warning about defendant's right to appointed counsel? This hinges on the resulting finding of guilt of attempted robbery and thirty year sentence as a prior offender.

In the jury-waived case the court had found defendant guilty of attempted robbery first degree. The owner thwarted this by shooting defendant.

Detective Fred West testified to two incriminating conversations with defendant. The officer testified each statement was made after reciting defendant's *MIRANDA* rights, including his right to have a lawyer present while talking to the officer. The officer further testified he had read to defendant from a card the full *MIRANDA* warnings, which defense counsel conceded.

Thus, the record refutes defendant's point relief on. *State v. Olds*, 603 S.W.2d 501, 507 (Mo. banc 1980).

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.



STATE of Missouri,
Plaintiff-Respondent,

v.

Michael A. GRADY,
Defendant-Appellant.

No. 48325.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 26, 1985.

Application to Transfer Denied
June 25, 1985.

Defendant was convicted before the Circuit Court, St. Louis County, Margaret Nolan, J., of two counts of forgery, and he appealed. The Court of Appeals, Karohl, J., held that: (1) where evidence would have supported conviction under forgery statute or under fraudulent use of credit card statute, State had discretion to chose which crime to charge, notwithstanding defendant's contention that the two statutes were inconsistent and thus the specific credit card statute prevailed over the general forgery statute, and (2) prosecutor's comment creating an adverse inference from defendant's failure to call brother as a witness, although unjustified and inappropriate, did not justify a mistrial where

its prejudicial effect was doubtful and effect of comment could have been removed by request for lesser relief.

Affirmed.

**1. Criminal Law ⚖︎1030(1)**

Plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. V.A.M.R. 30.20.

**2. Criminal Law ⚖︎29**

When a single act may constitute an offense under two different statutes, State may elect which statute to proceed under.

**3. Criminal Law ⚖︎29**

Where evidence would have supported a conviction for forgery or for fraudulent use of a credit card, State had discretion to choose which crime to charge, notwithstanding defendant's claim that the two statutes were inconsistent and repugnant to each other and as a result the specific credit card statute prevailed over the general forgery statute, as fact that credit card statute was specific in nature and prescribed punishment for a misdemeanor as opposed to a felony did not constitute an inconsistency. V.A.M.S. §§ 570.090, subd. 1(3), 570.130, subd. 1(1).

**4. Criminal Law ⚖︎730(11), 1154**

Trial court has broad discretion in determining whether facts warrant invocation of unfavorable inference from failure of a potential witness to testify and its rulings are reversible only for abuse of discretion where the argument is plainly unwarranted.

**5. Criminal Law ⚖︎867**

Declaration of a mistrial is a drastic remedy which should be granted only when the incident is so grievous that prejudicial effect can be removed in no other way.

**6. Criminal Law ⚖︎1155**

Appellate court reviews trial court's decision not to declare a mistrial only for abuse.

**7. Criminal Law ⚖︎721½(2)**

Prosecutor's comment creating an adverse inference from defendant's failure to call brother as a witness, although unjustified and inappropriate, did not justify a mistrial where its prejudicial effect was doubtful and effect of comment could have been removed by request for lesser relief.

---

Kathryn Shubik, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

A jury found defendant, Michael A. Grady, guilty on two counts of forgery, § 570.-090.1(3).[1] The state also charged defendant was a persistent offender, § 558.016.3. The trial court so found and sentenced defendant to consecutive ten year terms on each count. We affirm.

On April 14, 1982 defendant drove a green truck to the Standard Station at 6700 Olive between 10:00 and 11:00 a.m. He purchased gas using a credit card and signed the credit card slip as Alan T. Houpt. At approximately 6:00 p.m. the same day, defendant drove a red Cutlass to the same station. Again his purchase was made with the same credit card and he signed the receipt Alan T. Houpt. Defendant was arrested at 9:00 p.m. that evening and subsequently charged with two counts of forgery. Alan T. Houpt testified that he loaned the subject credit card to his son the previous New Year's Eve. The following morning the card was missing and Houpt notified Amoco. He testified that the signatures on the subject receipts were not his and that he had not authorized defendant to sign his name.

Defendant raises two points on appeal. First, he contends that the trial court com-

---

1. Statutory references are to RSMo 1978.

Case: 4:15-cr-00404-HEA   Doc. #: 3136-1   Filed: 03/16/21   Page: 3 of 5 PageID #: 15853

mitted plain error in sentencing defendant to an extended sentence as the conduct alleged in the information and proved at trial could not be prosecuted as forgery, a felony under § 570.090.1(3), but only as fraudulent use of a credit device under § 570.130.1(1), a misdemeanor, because the forgery statute is a general statute and the fraudulent use of a credit card device statute is specific and prevails over the general statute. Second, defendant contends that a comment by the prosecutor created an adverse inference from defendant's failure to call his brother as a witness and justified a requested mistrial. Defendant contends his brother was at least equally available.

[1] Defendant's first point was not preserved and so review is under the plain error rule. Rule 30.20. This rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983). Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom. Rule 29.12; *State v. Lue*, 598 S.W.2d 133, 137 (Mo. banc 1980).

The evidence includes eyewitness testimony of two service station attendants. Both identified defendant and described the related criminal acts. The evidence supports a conviction under § 570.090.1(3) or § 570.130.1(1). The question is whether the latter as a specific statute must prevail over the former as a general statute when the evidence would support a conviction under either. The state's position is that it has discretion to choose which crime to charge. We agree with the state's position.

Defendant argues that the two statutes are inconsistent and repugnant to each other and as a result the specific statute prevails over the general statute. *See State v. Wright*, 409 S.W.2d 797, 800 (Mo.App. 1966). Defendant's argument is predicated upon an assumption that § 570.090 and § 570.130 are inconsistent. The fact that the latter is specific in nature and prescribes punishment for a misdemeanor as opposed to a felony as in the general statute does not constitute an inconsistency. *State v. Malveaux*, 604 S.W.2d 728, 735 (Mo.App.1980).

[2, 3] The legislature has not made § 570.130 limiting of § 570.090. If the legislature intended § 570.130 or § 570.090 to be exclusive remedies for credit card fraud, "it would have been a simple matter to have declared the same.... The fact that the accused is charged and the evidence supports a conviction, under a statute carrying a more severe penalty, provides no defense to an accused, [citations omitted]. The fact that substantially the same conduct may amount to an offense under another statute does not render the other statute invalid ..." *Malveaux*, 604 S.W.2d at 735. The issue in *Malveaux* was similar to the present case and the court rejected the argument that § 205.966 RSMo 1978 (food stamp fraud, a misdemeanor) was a limiting statute, thus preventing the state from prosecuting such offenses under § 560.156 RSMo 1969 (stealing by deceit property valued at more than $50.00, a felony). When a single act may constitute an offense under two different statutes, the state may elect which statute to proceed under. *State v. Jackson*, 643 S.W.2d 74, 77 (Mo.App.1982). These statutes are consistent except for the category of crime and punishment and that distinction is not a basis to hold that § 570.130 RSMo 1978 prohibits the prosecutor from electing to charge under § 570.090 RSMo 1978. This is particularly true where both sections were enacted at the same time. We rule this point against defendant.

[4–6] In review of defendant's second point we note that the trial court has broad discretion in determining whether the facts warrant invocation of an unfavorable inference and its rulings are reversible only for abuse of discretion where the argument is plainly unwarranted. *State v. Webster*, 659 S.W.2d 286, 288 (Mo.App.1983). The declaration of a mistrial is a drastic remedy which should be granted only in those cir-

cumstances when the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Laws*, 668 S.W.2d 234, 238 (Mo.App.1984). An appellate court reviews the trial court's decision not to declare a mistrial only for abuse. *Id.*

[7] This court has long held that a party cannot comment on the failure of the other party to call a witness available to both parties. *State v. Valentine*, 587 S.W.2d 859, 864 (Mo. banc 1979). The comment giving rise to defendant's motion for a mistrial occurred during the third re-cross examination of Timothy J. Stone, one of the Standard Station attendants who identified the defendant as the person who purchased gas and signed the credit card receipt as Alan T. Houpt. The examination was as follows:

> [Defendant's Counsel]: Did you know that Randy Grady [defendant's brother] is six foot one, and Michael is five ten?
> A. I don't know his brother. So I don't know.
> Q. Randy the fellow you described is six foot one. (sic)
> [Prosecutor]: Judge, I'm going to object. There's no evidence of that. Been asked and answered. Improper cross.
> THE COURT: Sustained.
> [Prosecutor]: *You going to bring Randy in?*
> [Defendant's Counsel]: I ask—
> THE COURT: Gentlemen, please direct your comments to the bench.
> *I sustain the objection.*
> Is there anything further of this witness?
> [Prosecutor]: I don't have any other questions.
> THE COURT: Mr. Schwartz?
> [Defendant's Counsel]: No, I don't have any.
> THE COURT: Thank you, sir. You may step down. [emphasis added]

Immediately after this testimony the witness was excused, some exhibits were received without objection and the jury was excused.

The comment, in the form of a question, may have raised an adverse inference but the grant of a new trial on this ground depends upon a finding of resulting prejudice.

> In deciding if an error is prejudicial, the court must consider the entire record to determine whether or not the defendant received a fair trial. [citation omitted]. A conviction will be reversed for improper argument only if it is established that the complained of comments had a decisive effect on the jury's determination, [citation omitted], and the defendant is saddled with the burden of demonstrating such effect. [citation omitted].

*Webster*, 659 S.W.2d at 289. This is equally applicable to cross-comments of counsel if done before the jury.

The evidence shows that two Standard Station attendants who had served defendant in the morning and evening of April 14, 1982, positively identified defendant as the man who signed the credit card receipt as Alan T. Houpt. Defendant presented no direct evidence to rebut this fact. The evidence further reveals that Alan T. Houpt's card was reported lost prior to the incident and that he had not authorized its use by defendant.

Defendant's trial tactics were to cause the jury to believe that his brother Randy was the culprit and that the eyewitnesses were mistaken in their identification of defendant. Under the circumstances the missing witness was not available to defendant even though he was defendant's brother. Under defendant's theory Randy Grady would have had to admit his guilt to benefit defendant. The element of likelihood of favorable testimony is missing. *See Webster*, 659 S.W.2d at 288. The comment may have affected defendant's defense but it did not destroy it. Credibility of the eyewitnesses and the weight of their testimony remained for the jury. The comment was unjustified and inappropriate. It was not invited by defendant's use of a legitimate trial tactic. Further, the court

Case: 4:15-cr-00404-HEA   Doc. #: 3136-1   Filed: 03/16/21   Page: 5 of 5 PageID #: 15855

intervened and sustained an unspoken objection.

In his closing argument defendant argued the matter and pointed out that the state had not been prevented from subpoenaing Randy Grady. He further argued that it was not the defendant's duty to prosecute Randy Grady. Defendant fully argued that the height of Randy Grady was nearer to that described by one of the witnesses than defendant. The issue of credibility and weight of the eyewitnesses was fully presented. Defendant argued, "[b]ut we're not saying we signed this or telling you we didn't. We're telling you his brother did, and he's [defendant] not guilty." The burden of proof remained upon the state and the defendant's defense of mis-identification remained in the case.

Furthermore, the only relief requested was for a mistrial. No request was made that the jury be instructed to disregard the comment or that a statement be made that Randy Grady was either equally available to both sides or more available to the state because of defendant's theory of defense. Any adverse inference that may have been drawn by one or more of the jurors may have been cured by a request for relief less than a mistrial. Furthermore, the unavailability of Randy Grady as a witness for defendant would be as obvious to the jury as it is to the court. Under these circumstances it is unlikely that the adverse inference would have the effect which defendant argues. In the usual situation the adverse inference is drawn where the missing witness may offer testimony of alibi without self-incrimination. The existence of an adverse inference was neutralized by defendant's theory of the witness' guilt. We find no abuse of discretion in denying the mistrial where its prejudicial effect is doubtful and the effect of the comment could have been removed by a request for lesser relief, *State v. Laws*, 668 S.W.2d 234, 238 (Mo.App.1984).

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

691 S.W.2d—8

Trudy ROYSTER, Respondent,

v.

Vernon PITTMAN, d/b/a Vernon Pittman Van Lines, Appellant.

No. WD 35946.

Missouri Court of Appeals, Western District.

March 26, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Application to Transfer Denied June 25, 1985.

Bailor brought action against warehouseman for damage to antique furniture and china while in possession of warehouseman. The Circuit Court, Jackson County, William J. Peters, J., award $10,500 to the bailor upon a jury verdict. Warehouseman bailee appealed. The Court of Appeals, Lowenstein, J., held that: (1) in any bailment action, any of three theories may be asserted: specific negligence, general negligence, and breach of bailment contract; (2) as bailee, warehouseman, whom bailor alleged was responsible for damaged bailed property, had burden of proving due care on his part; (3) bailee did not sustain his burden of showing due care where he produced no evidence explaining numerous scratches and gouges on furniture, let alone broken and missing pieces; therefore, his further contention of bailor's error in not pleading statute which sets duty of care for warehouseman was denied; (4) effect of using negligence instruction, when instruction on res ipsa loquitur was appropriate, did not result in prejudicial error; and (5) evidence supported amount of damages awarded.

Affirmed.

1. Warehousemen ⇐8

All warehousemen are bailees.