UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CR404 HEA |
| MICHAEL GRADY, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Michael Grady's Motion to Alter or Amend Judgment, [Doc. No. 2840]. The instant motion is Defendant's sixth challenge to the pre-trial detention order entered on December 23, 2016. Most recently, Defendant moved for release from custody based on the COVID-19 pandemic considering his age, medical condition of having only one lung and emphysema, and allegedly unsafe conditions in his place of detention, the City Jail in Alton, Illinois. That motion was denied by the Court based on Magistrate Judge Patricia L. Cohen's thorough and well-reasoned Order dated May 8, 2020. Judge Cohen included a comprehensive review of the case history relevant to Defendant's motion for release, including the charges against Defendant, the December 2016 detention order, Defendant's first three challenges to the detention order, and the court's denials thereof. This Court then entered an Opinion,

Memorandum and Order discussing Defendant's new information and articulating its reasoning for denying Defendant's fifth motion.  See Opinion, Memorandum and Order dated October 20, 2020. It is this Order which Defendant seeks to alter or amend with his instant motion.

A brief recitation of the law applicable to Defendant's motion is as follows. Defendant's motion is analyzed under 18 U.S.C. §§ 3142(f) and 3142(i). Section § 3142(f) permits a court to reopen a detention hearing and consider information "not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of [defendant] as required and the safety of any other person and the community." An analysis under section 3142(f) "focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community." *United States v. Bowers*, No. 19-00143-01-CR-W-BP, 2020 WL 5520567, at *1 (W.D. Mo. Sept. 14, 2020) (quoting *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020)). "Thus, to reopen the issue of pretrial detention under section 3142(f), a defendant must demonstrate how the pandemic would reduce his risk of nonappearance or the risk that he poses to the community." *Bowers* 2020 WL 5520567, at *1. "The risk of harm *to the*

*defendant* does not usually bear on this analysis." *Id.* (quoting *Clark*, 2020 WL 1446895, at *3 (emphasis in original) (quotation marks excluded)).

Defendant has presented no new information that establishes that he is now eligible for release from pretrial detention. Defendant fails to meaningfully address the flight risk and danger to others components of release, stating merely that because he is 66 years old, he would not be a risk to others and would not want to "jeopardize whatever life I have remaining" by fleeing. Defendant's age is certainly not a fact that was previously unknown to Defendant, the Government, or the Court.

Defendant's contentions about the "horror" at Alton City Jail, i.e. that detainees are not getting tested for COVID-19 and that "nothing is being done" to mitigate COVID-19 spread in the ACJ, are unsubstantiated. While Defendant is statistically at a greater risk for severe complications than others if he were to contract COVID-19, Defendant has seemingly avoided contracting COVID-19. Even if Defendant showed that ACJ does not test any detainees for COVID-19, and thus that Defendant could have had COVID-19 without being tested, he has not experienced any of the severe complications of which he is statistically at higher risk. Further, although Defendant argues that he does not and cannot receive proper medical care at ACJ, he also states that he received a chest x-ray after complaining of pulmonary symptoms last year. Once again, Defendant has

not demonstrated that the issue of his pretrial detention should be reopened or amended.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Alter or Amend Judgment, [Doc. No. 2840] is denied.

Dated this 16th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE