UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
     Plaintiff,                     )
                                    )
     vs.                            )          Case No: 4:15CR404-HEA-29
                                    )
                                    )
MICHAEL GRADY,                      )
                                    )
     Defendant.                     )

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on Defendant's Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582 [Doc. No. 4348]. For the reasons set forth below, the Motion is denied.

## BACKGROUND

On April 7, 2021, Defendant was convicted of (1) conspiracy to distribute and possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A); (2) attempted obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2); and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h).  [Doc. No. 3231.] Defendant's conviction was based on the following conduct:

> This case is the product of an investigation into a large-scale drug operation run by Derrick Terry that led to the indictment of 34

1

criminal defendants, including [Michael] Grady and [Oscar Dillon]. Terry's organization bought and sold cocaine and heroin in St. Louis, Missouri. Grady and Dillon, who worked at a paralegal and consulting company, began aiding the organization in 2014 by drafting a motion for early termination of Terry's supervised release for a prior conviction. Thereafter, they would conduct intelligence about potential government informants by attending court proceedings and researching court and arrest records. This allowed them to counsel Terry about whom he should trust, and Terry used this information to enhance his relationships with other drug dealers.

After Terry was indicted in January 2016, he met with [Grady and Dillon] at an Applebee's restaurant to discuss his best plan of action. [Grady and Dillon] encouraged Terry to throw his phones away and flee for 18 months to 2 years. They reasoned that by allowing the other defendants' cases to play out, the Government would likely have fewer cooperating witnesses against Terry for two reasons: his codefendants' plea deals would probably be solidified, and some defendants might fear that cooperating against Terry may lead him to hurt their families. The three men also discussed the possibility of retaining an attorney for Terry, which led to a series of financial transactions between [Grady, Dillon,] and Terry. Terry made multiple payments to [Grady and Dillon] using drug proceeds with instructions that the money be delivered to Beau Brindley, an attorney, as a retainer securing his representation. Terry made one $50,000 payment to Grady shortly after Terry was indicted to prevent its seizure by law enforcement should he be arrested. Shortly thereafter, he directed his associate, Stanford Williams, to make another $10,000 payment through Terry's girlfriend, Charda Davis, to [Grady and Dillon] to give to Brindley.

*United States v. Grady*, 88 F.4th 1246, 1254 (8th Cir. 2023).

On June 23, 2022, this Court sentenced Defendant to 226 months imprisonment and a five-year term of supervised release, a downward variance from his calculated guidelines range of 324 to 405 months (predicated on a total offense level of 40 and a criminal history category of II).

2

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The First Step Act (FSA), passed by Congress in 2018, is an exception to the finality of sentences. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). A reduction in sentence must consider the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect that a defendant may initiate motions for compassionate release which a Court may, in its own discretion, grant or deny. U.S.S.G. § 1B1.13, amend. 814. Amendment 814

3

to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release.  See id.; 2023 Amendments in Brief, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited May 13, 2026).  Specifically, § 1B1.13(b)(6) identifies one such extraordinary and compelling reason:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B.13(b)(6).  U.S.S.G. § 1B1.10(d) lists the specific amendments to the Sentencing Guidelines that can be retroactively considered for the purposes of a motion for compassionate release under 18 U.S.C. § 3582(c)(2).

Upon review of the filings and the record as a whole, the Court finds no "extraordinary and compelling" reason to grant Defendant's motion for compassionate release or sentence reduction.  In his motion, Defendant argues for the retroactive application of Amendment 833's changes to U.S.S.G. § 2D1.1(e)(2), which now states that "an adjustment under § 3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-

4

level trafficking function."  Amendment 833 has not been made retroactive by the Sentencing Commission and thus cannot serve as an extraordinary and compelling reason for relief under 18 U.S.C. § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(d) (listing retroactive amendments).  To the extent the amendment could be retroactively applied, Defendant is still not entitled to relief, as his role in advising Terry in matters related to his drug enterprise, obstructing justice in advising Terry to flee, and funneling drug proceeds to Terry's attorney far exceeded the minor roles contemplated under § 2D1.1(e)(2)(A) and (B), including "serving as a courier, running errands, sending or receiving phone calls or message, acting as a lookout . . . or distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit."

Even if the Court had found extraordinary and compelling reasons, which it does not, the sentencing factors set forth in § 3553(a) do not support a reduction in Defendant's sentence.  Defendant was convicted of conspiracy to distribute and possession with intent to distribute cocaine and heroin, obstruction of justice when he attempted to convince a co-conspirator to flee the jurisdiction after he was indicted, and money laundering when he funneled money earned through the drug conspiracy from a co-conspirator to an attorney with the purpose of obscuring the source of the funds.  As was previously stated, the guideline range for Defendant's present conviction was 324 to 405 months; he was sentenced to only 226 months.

The Court finds that the nature and circumstances of Defendant's offenses under § 3553(a)(1), namely providing material assistance to a drug conspiracy, attempted obstruction of justice, and money laundering, do not favor a reduced sentence.  Nor would a reduced sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct as contemplated under § 3553(a)(2).  Additionally, Defendant's sentence is already below the sentencing guidelines range, which weighs against reducing Defendant's sentence under § 3553(a)(4).

For the foregoing reasons, the Court finds that Defendant has not met his burden of providing that "extraordinary and compelling reasons" exist to support the requested relief and has not shown that the factors in section 3553(a) favor a reduced sentence.

Accordingly, based upon the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant's Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. § 3582 [Doc. No. 4348] is **DENIED**.

Dated this 15th day of July, 2026.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6